C. A. OSBEY, appellant, v. HAROLD NELSON, appellee.

No. 49131.

(Reported in 81 N.W.2d 449)

MARCH 5, 1957.

Richard Rhinehart, A. D. Clem, of Clem & Gasser, both of Sioux City, for appellant.

Robert Beebe, of Kindig & Beebe, of Sioux City, for appellee.

SMITH, J.—Plaintiff pleaded that defendant was employed by him as a salesman from about June 10, 1952, until about June 1, 1955, in the real-estate business in Sioux City, Iowa; that during the spring of 1955 a certain Hillcrest Motel was listed for sale with plaintiff's Osbey Realty Company "as well as with other realtors"; that defendant, while so employed, sold said property; and that "defendant became acquainted with and was able to conclude" said sale "as a result" of his said employment, "negotiations having been carried on for several weeks prior to May 11, 1955." He prayed judgment for $1900 "as' one half the commission received by defendant."

Defendant answered that his employment terminated on or about May 15, 1955; that he had neither information nor knowledge sufficient to form a belief as to whether said Motel property was ever listed with plaintiff's company; denied he negotiated and made the sale during said employment; and denied he was able to conclude it "as a result of such employment." He also pleaded that he advised plaintiff sometime in April 1955 that he was securing a broker's license; and that "about the last of April or the first of May" 1955 he told plaintiff he would wind up the sales previously made. He denied there was any contract requiring thirty days' notice of termination of employment.

Defendant also pleaded that prior to the Motel sale he advised plaintiff he was working on it and was going to handle the same as a broker, and no objection thereto was made by plaintiff and no claim for any part of the commission was made until plaintiff had moved away from Sioux City sometime in the fall of 1955.

Plaintiff testified that neither he nor his company had the Motel property listed except by "open listing through the real-estate board."

Verdict was for defendant, petition for new trial denied, and plaintiff appeals from the resulting judgment.

I. But one "proposition relied on for reversal" is urged: "Instructions * * * which contain an erroneous statement of the law applicable to the issues * * * may be prejudicial in that the effect * * * may have been to withdraw from the consid-

eration * * * certain elements essential to a fair determination of the issues, or, as a result of such erroneous statement of the law the instructions are thereby rendered misleading and confusing."

No particular instruction is designated nor any error specified. The cases cited do not serve to clarify or make the "proposition" anything except a statement or argument that error may be prejudicial. The argument does later refer to the page and lines in the record where the instruction may be found. We thus learn it is subparagraph 4 of Instruction No. 8 where in enumerating the propositions upon which plaintiff had the burden of proof the court included verbatim from plaintiff's petition the allegation "that the defendant became acquainted with and was able to conclude the above sale as a result of his connection or employment" with plaintiff.

A reading of the exception taken when the instructions were submitted to counsel before being read to the jury indicates plaintiff's real complaint was that he was required to prove both alternatives of two pleaded theories of recovery instead of having them submitted as alternatives.

But there is no assignment of error on appeal in any proper sense. Only by deduction from what is urged in argument and comparison with the exception taken at the trial may we learn the real complaint.

We said in Weimer v. Lueck, 234 Iowa 1231, 1240, 15 N.W.2d 291, 295: "Appellant has assigned no error * * *. This is a law action and this court's appellate jurisdiction is confined to the correction of errors. We have repeatedly held that an error not assigned presents no question for review and need not be considered upon appeal. Slippy Engineering Corp. v. City of Grinnell, 226 Iowa 1293, 1303, 286 N.W. 508; Andreas & Son v. Hempy, 221 Iowa 1184, 1186, 268 N.W. 13." See Price v. McNeill, 237 Iowa 1120, 1122, 24 N.W.2d 464.

In Lundy v. O'Connor, 246 Iowa 1231, 1234, 71 N.W.2d 589, 591, we said: "No errors are assigned, although the original suit and the motion and resistance thereon were clearly ordinary proceedings * * *. Rule 344(a)(3), Iowa Rules of Civil Procedure, requires a statement of errors relied on for reversal when the appeal presents questions of law." And though appellant

574

had stated three propositions that might conform to requirements in cases triable de novo on appeal we added: "It is evident these propositions do not meet the requirements of assigned errors. They are not so labeled, and they do not point out the specific errors of the trial court upon which reliance for reversal is based."

And in another somewhat recent case, Miller v. Griffith, 246 Iowa 476, 480, 66 N.W.2d 505, 507, where it was claimed the court erred in overruling objections to testimony of certain witnesses, without brief points, and with only a citation of authorities, we said: "No attempt is made at pin pointing any question, or any objection the overruling of which was error. Such assignment of error merits no consideration and none is given. Patterson v. Wuestenberg, 239 Iowa 658, 32 N.W.2d 209; Broadston v. Jasper County Sav. Bk., Inc., 244 Iowa 1161, 58 N.W.2d 309."

II. We are reluctant to determine litigants' rights upon mere technicality. But technicalities, so-called, have their origin in efforts to attain just decisions by methodical processes.

Plaintiff's petition was in one count. Alternative theories of recovery were not pleaded. The trial court was not assisted by any request for instructions that would have revealed the purpose of plaintiff's pleading. And while subparagraph 4 of Instruction No. 8 was excepted to, equivalent or similar thought was suggested in subparagraph 1 and again twice in subparagraph 9, to which no objection was then or is now urged. If there were alternative theories of recovery pleaded the instructions required much more drastic revision than plaintiff's exception to Instruction No. 8(4) indicated. Had the trial court sustained it the same so-called error would have still remained.

III. Defendant cites a respectable body of decisions to the effect that plaintiff, by pleading that defendant became acquainted with and was able to conclude the sale as a result of his employment with plaintiff, assumed the burden of proving it as a part of his cause of action. We are not convinced these cases are all applicable in a case such as we have here.

It may be doubted here that the quoted language of the petition was designed as an additional ground of recovery to

furnish the jury an excuse to hold for plaintiff even if they found the sale of the Motel was negotiated and consummated after his employment ended. It may have been intended rather as a justification for the contract to split commissions. However, the trial court presented it to the jury as it was pleaded. Plaintiff was responsible for the situation and in a way invited the error he claims was committed. Whether if properly pleaded as an alternative cause of action it would have been sufficient for the purpose we need not determine.

IV. We are in some cases constrained to overlook, as a matter of grace, failure to comply with rule 344(a)(3), Rules of Civil Procedure, where possible, without injustice to either party or the trial court and without weakening the authority of the rule itself. We do not consider this such a case. It is accordingly affirmed.—Affirmed.

All JUSTICES concur.