LAWRENCE VASEY et ux., appellants, v. STERN FINANCE COMPANY, appellee.

No. 52187.

SEPTEMBER 20, 1966.

W. Lawrence Oliver, of Des Moines, for appellants.

Verlin W. Cubbage and Russell Jordan, both of Des Moines, for appellee.

STUART, J.—Plaintiffs brought this action to recover damages allegedly sustained when defendant sued "twice on a promissory note and willfully and maliciously transcripted the last judgment" to the county where the first judgment (in replevin) had been obtained. The trial court directed a verdict for defendant. We affirm.

On April 26, 1963, defendant loaned plaintiffs $1274.46 secured by a chattel mortgage on certain farm machinery and

an automobile. The note was to be paid in quarterly installments of $212.91 commencing July 25, 1963. By December 16, 1963, plaintiffs had paid only $100 and Stern Finance filed a replevin action in Decatur County to obtain possession of the security. The amended verified petition valued the property at $1600. On June 16, 1964, Stern Finance obtained a Default Judgment awarding it "absolute and unqualified right of possession" of the property and taxing the costs to plaintiffs.

Stern Finance had advised plaintiffs by letter dated March 28, 1964, that the property had been sold and there was a balance of $789.96 still due on the loan. On July 2, 1964, Stern Finance filed an action on the note in the Des Moines Municipal Court. Default Judgment for $1180.61 with interest and costs including attorney fees was entered July 14, 1964. A transcript of this judgment was filed in Decatur County on July 28, 1964.

At the time of the loan, plaintiffs had an equity in a farm they were purchasing on contract in Decatur County. In March 1965 they contracted to sell the farm. The abstract examination revealed that the various liens against plaintiffs exceeded their equity in the farm and threatened to stop the sale. Through the efforts of plaintiffs' attorney, which included the procuring of the release of the $1180.61 judgment from Stern Finance, matters were worked out and the sale consummated.

This action was then instituted against Stern Finance to recover damages for "great pain, disability, humiliation and inconvenience", for attorney fees paid to complete the sale of the farm and for exemplary damages.

I. Plaintiffs failed to establish defendant's liability. Mr. Vasey testified: "Not having enough money in my equity to cover the indebtedness including the Stern Finance Company judgment caused me to worry." He made the following offer of proof: "The issue of not having enough money to go around by the Stern Finance Company judgment caused me to be nervous and to walk the floor each night, to half eat, for the simple reason we were going to lose the farm if we didn't get something done. I lost weight for not being able to sleep to the extent of fifteen to twenty pounds."

The trial court said: "The record amply shows that the

plaintiffs were in serious financial difficulty at the time this judgment arose and which the plaintiffs claim caused their trouble, but I believe it would be error on the part of the court to permit the jury to find that from all of the problems which the plaintiffs had that the single judgment of the defendants here was the proximate cause of their damage * * *." We agree.

Neither the judgment in the replevin action nor the judgment on the note have been directly attacked and stand as verities. In re Estate of Ramsay, 240 Iowa 50, 59, 35 N.W.2d 651, 656; Bagley v. Bates, 223 Iowa 836, 841, 842, 273 N.W. 924, 927; Brown v. Tank, 230 Iowa 370, 374, 297 N.W. 801, 803.

Defendant acted within the terms of the contract when it brought one action for possession of the property and a second to obtain a judgment for the deficiency remaining after sale. If plaintiffs here thought the security was sold for less than its actual value, they should have made this claim in the action in Municipal Court. The assertion of such claim in this action constitutes a collateral attack on the judgment, which, if fraudulent, is only voidable not void and must be attacked directly. City of Chariton v. J. C. Blunk Construction Co., 253 Iowa 805, 821, 112 N.W.2d 829, 837, 838. Failure to give credit for the net amount obtained from the sale is of no importance here for the record is clear that the debts exceeded plaintiffs' equity even if the judgment had allowed proper credit.

There is no way to point to these particular judgments as the source of plaintiffs' trouble. His ill health resulted from worry about his total financial problems. Other judgments which contributed to the delay of the sale were as responsible as these.

Excluded evidence not considered above dealt with damages and even if the exclusion of such evidence was error, it would not constitute reversible error since we have held no case of liability was made. Rutten v. Investors Life Ins. Co., 258 Iowa 749, 140 N.W.2d 101.

This case is therefore—Affirmed.

All JUSTICES concur.