LORRAINE I. DAVIS, individually and as executrix of estate of Marion E. Davis, deceased, appellant, v. HUBERT JOSEPH WALTER et al., appellees.

No. 52192.

838

NOVEMBER 15, 1966.

 

Johnson, Burnquist & McCormick, of Fort Dodge, for appellant.

Wunschel & Schechtman, of Carroll, for appellees.

MOORE, J.—Shortly before 7 p.m., October 2, 1962, Marion E. Davis was driving his Dodge automobile northerly on the east half of highway 169 toward the southern limits of Ogden. Passengers in the car were Mrs. Davis and Mr. and Mrs. Norman Anderson. They were returning to their homes near Harcourt from a shopping tour in Des Moines. Defendant, Hubert Joseph Walter, lived on the east side of highway 169 just south of the city limits of Ogden and was attempting to back his vehicle into his driveway. It consisted of an International Diesel tractor owned by Walter and leased to defendant Nolte Bros. Truck Line, Inc., and a forty-foot flatbed trailer owned by Nolte Bros.

As the automobile approached the scene at 50 to 55 miles per hour the tractor was stopped on the west side of the highway facing south and the trailer was diagonally across the east half with the end thereof in Walter's driveway. The automobile

struck the left side of the trailer. Mr. Davis was killed and each of the passengers seriously injured.

Mrs. Davis individually and as executrix of the estate of Marion E. Davis, deceased, started one action for damages resulting from the collision. Mr. and Mrs. Anderson combined their claims for damages in another action. Defendants' motion to consolidate the two cases for trial, to which plaintiff objected, was sustained by the trial court.

On trial of the consolidated cases the four claims were submitted to the jury. The jury returned a verdict for each of the passengers but denied damages in the wrongful death case. Following denial of her motion for new trial plaintiff-executrix has appealed.

Appellant asserts the trial court erred in (1) consolidating the cases, (2) admitting exhibit 1 (a flasher light) and permitting a demonstration of it and (3) overruling her motion for new trial.

Testimony of the three passengers varied little. They left their homes earlier that day and traveled south on highway 169 south of Ogden. Mrs. Anderson testified she observed some highway construction was being done at that location. After completing their shopping tour and having their evening meal in Des Moines they started for home. As they traveled north on highway 169 is straight and level for over a mile. Each saw the head-wiper was used. All vehicles were using headlights. They passed several southbound vehicles as they, the Davis automobile, traveled north. As they approached the scene of the accident highway 169 is straight and level for over a mile. Each saw the headlights of the tractor on the west side of the highway long before they reached it and thought it was just another vehicle traveling south. None discovered otherwise until their vehicle passed the tractor headlights when Mr. Davis said something to the effect "good night" or "what in the world?" The trailer was only a few feet away and directly in their path. One of the passengers described the collision as like driving into the end of a garage. None of the passengers observed any lights or reflectors other than the tractor headlights. They testified they heard no sound from defendants' vehicle nor did they see a highway con-

struction sign south of scene of the accident. The 50 to 55 mile per hour speed of their vehicle remained unchanged up to the impact. Each was seriously injured and had no knowledge of the events immediately following the collision.

Defendant Walter testified he obtained a load of gypsum at Fort Dodge which was covered with a tarpaulin and then drove to his home where he planned to remain for about three hours before driving to Chicago, he feared getting stuck in his yard and decided to back into his driveway. He drove just past the driveway with his entire vehicle in the west lane of highway 169 and then started backing into the driveway. He observed the automobile headlights. about a mile and three quarters to the south. It continued at the same speed until it struck the side of the trailer. It was in the east lane and its path was unchanged.

Walter further testified in addition to the headlights the tractor was equipped with two hazard lights located above the headlights and a little to the outside, within four inches of the outside extremities, and five clearance lights on the cab across the top and just above the windshield. The trailer was equipped with lights ten feet apart along the edge of the flattop and also reflectors with the same spacing. Several taillights and two flasher lights were on the rear of the trailer.

Walter stated all lights including the flashers were in operation before and at the time of the accident and that as he became aware the automobile was not slowing down he sounded his air horn when the car was still several hundred feet to the south. He said it could be heard for at least a quarter of a mile. A light and a reflector near the middle of the trailer were mashed by the impact. The automobile left no skid marks.

Walter and his 18-year-old son who was in the home farmyard described a highway construction or caution sign which faced south near the east edge of the pavement at least 300 feet south of the point of impact.

Dean, the son, testified he observed his father approach and back the end of the trailer part way into the driveway. He observed all lights of the vehicle were on, including the hazard amber flashing lights. He stated his father "layed" on the air horn for five to eight seconds and described it as sounding like

a train horn or whistle. Another witness heard the horn from within Walter's house.

I. Appellant assigns error in the consolidation for trial of the two cases which resulted in submission of the four claims to the same jury.

Rule 185, Rules of Civil Procedure, provides: "Unless some party shows he will be prejudiced thereby the court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein. * * *." In 1955 the then rule 185 was changed by substituting "shows", fourth word above, for "objects, stating that." Thus the present rule requires a showing, rather than a mere statement, of prejudice. Under the former rule a party could prevent a consolidation by claiming prejudice. Now it is for the court to determine whether such claim is well founded. See pocket part, Volume 2, Cook's Iowa Rules of Civil Procedure, Revised Edition, page 32.

Appellant concedes the question of whether these actions should be consolidated for trial was largely within the trial court's discretion. See Hamdorf v. Corrie, 251 Iowa 896, 901, 101 N.W.2d 836, 839; Iowa Development Co. v. State Hgwy. Comm., 252 Iowa 978, 983, 108 N.W.2d 487, 490, and citations.

The two cases consisting of four claims involve many common questions of law and fact. Much of the testimony relates to all causes. Separate trials would have resulted in repetition of testimony. Appellant failed to show prejudice which warrants a reversal. The record discloses no abuse of the trial court's discretion.

II. Defendant Walter identified exhibit 1 as an exact replica of the amber hazard light on the front of the tractor. He stated it was the minimum size permitted by Interstate Commerce Commission regulations. It was connected with the same type battery as used on the tractor. He testified the light would function when hooked up the same as it did on the night of the accident. He had described how the hazard lights functioned.

Appellant made no objection to the introduction of the light but did object to the rest of the exhibit as incompetent, irrelevant and immaterial to any issue in the cause and further objected to a demonstration of the light on the ground the condi-

tions were not the same. The objections were overruled. Walter was permitted to demonstrate the operation of the light before the jury. Appellant assigns this as error.

It is the general rule demonstrative evidence, such as the duplicate of the hazard light in this case, which tends to explain or prove any issue in the case is admissible. Permitting an experiment and introduction of demonstrative evidence is discretionary with the trial court. McMahon v. City of Dubuque, 107 Iowa 62, 67, 77 N.W. 517, 519, 70 Am. St. Rep. 143; Chicago Telephone Sup. Co. v. Marne & Elkhorn Telephone Co., 134 Iowa 252, 259, 111 N.W. 935, 938; Boerner Fry Co. v. Mucci, 158 Iowa 315, 321, 138 N.W. 866, 869; Pond v. Anderson, 241 Iowa 1038, 1045, 44 N.W.2d 372, 376; Perry v. Eblen, 250 Iowa 1338, 1345, 98 N.W.2d 832, 836; 20 Am. Jur., Evidence, section 716; Jones on Evidence, Fifth Ed., Volume 2, section 455.

In 32 C. J. S., Evidence, section 602, page 758, states: "The admission or exclusion of real or demonstrative evidence rests largely within the discretion of the trial court, it being primarily within its discretion to determine the relevancy of such evidence, and its value in assisting the jury in understanding the issues in the case."

Appellant concedes the question of admitting exhibit 1 and permitting demonstration of the hazard light in the courtroom was discretionary but contends the trial court abused its discretion. We are not so persuaded. While obviously the lighting conditions were not the same the manner in which the hazard lights operated would be of some value to the jury.

III. Appellant's remaining assigned error is the trial court abused its discretion in overruling the motion for new trial. She argues the verdict in the wrongful death case was against the clear weight of the evidence and it did not effect substantial justice or respond to the real merits of the controversy.

It is obvious in allowing recovery by the three passengers and denying the claim of the driver's estate the jury arrived at a different conclusion on the question of contributory negligence. Each claimant pleaded and assumed the burden of proving freedom from contributory negligence. This case was prior to July 1, 1965, when by statute the burden of proving freedom from

contributory negligence was put on a defendant. See section 619.17, Code, 1966.

The trial court instructed on the duty of a driver and that of a passenger as it relates to the question of contributory negligence. A finding of contributory negligence against decedent would be supported by the evidence. Appellant's argument amounts to a contention the question of contributory negligence should have been decided as a matter of law. The record does not support such a ruling. Generally the question of contributory negligence is for the jury; it is only in exceptional cases that it is decided as a matter of law. Citations unnecessary. Rule 344 (f) (10), Rules of Civil Procedure.

In ruling on a motion for new trial the trial court has a broad, but not unlimited, discretion in determining whether the verdict responds to the real merits of the controversy and effectuates substantial justice between the parties. Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256, 260; Lantz v. Cook, 256 Iowa 409, 413, 127 N.W.2d 675, 677; Hahn v. Graham, 256 Iowa 713, 722, 128 N.W.2d 886, 891; rule 344 (f) (3).

The trial court carefully analyzed the record and denied appellant's motion for new trial in the order which we quote:

"1. The executrix raises several specific grounds. The court has carefully reconsidered these grounds, but adheres to the views expressed at the trial.

"2. The executrix' principal ground for new trial is that the verdict against her does not effect substantial justice and the jury did not respond to the real merits. This ground raises two conflicting considerations.

"The first is—and the court has no hesitancy in saying— that had a jury been waived, the court would have found for the executrix and in a very substantial amount. Walter backed the tractor-trailer completely across the paved slab, on a United States highway, at night. He created a very hazardous condition for other motorists. Plaintiff's decedent appeared to be proceeding along the highway in the normal way, and it appeared to the court on the facts that a case was made for the decedent.

"But the second consideration is that the jury found the

other way. They found for the three passengers, but against the driver. The only reasonable explanation is that they found the driver contributorially negligent to some degree.

"Now, the jury was within its province in so finding. The burden of proof as to freedom from contributory negligence was on the executrix. Our rule is very strict; 'if any negligence on decedent's part directly contributed in any manner or to any degree,' then recovery could not be had for his death. There was evidence that the tractor-trailer was well lighted; there were warning lights blinking on the front, and both reflectors and lighted lamps on the side. There was evidence that decedent left no tire marks, and the jury could infer he never saw the other vehicle. Did decedent have proper control? Was he keeping a proper lookout? Was he traveling at reasonable speed under the circumstances? These and the other questions regarding his conduct were for the jury. Seldom is a party having the burden of proof on an issue entitled to a directed verdict on that issue.

"The result is that though the court would have found one way on the facts, the jury found the other. This was a good jury, and it gave the case careful attention. The issues were fully and fairly placed before the jury. The case was well presented on both sides. If there were something in the record justifying the court's interference with the verdict, the court would interfere, but such is not the situation. For example, had the jury found for the driver and two passengers, but turned down one back-seat passenger, the verdicts would be incongruous justifying intervention. But the verdicts here are not incongruous; they are understandable, and the deliberate decision of the jury.

"It is simply a case in which the judge sees the facts one way and the jury the other. In such situations, if we are going to have a jury system, the jury's verdict must stand.

"It is the order of the court: The motion is overruled."

We agree with the well reasoned ruling of the trial court. No abuse of discretion is shown.

We find no reversible error.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.