**Dorothy HUMPHREY, Appellant,**

v.

**John HAPPY, Appellee.**

**No. 53003.**

Supreme Court of Iowa.

July 24, 1969.

Hutchison, Hurst & Duggan, Sioux City, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellee.

MOORE, Justice.

This is a damage action for personal injuries caused when the automobile driven by plaintiff was struck from the rear by defendant's automobile February 2, 1966 about 40 feet east of the intersection of West Third Street and Perry Street in Sioux City. From judgment on verdict for defendant plaintiff has appealed. We affirm.

Plaintiff asserts the trial court erred in (1) submitting defendant's pleaded defense of plaintiff's contributory negligence which alleged only general negligence, (2) submitting defendant's claim of sudden emergency, (3) withdrawing the doctrine of res ipsa loquitur, (4) instructing on unavoidable accident, (5) overruling plaintiff's motion to allow the jury to view the scene of the accident, (7) requiring plaintiff to produce all hospital records, (8) not admitting certain exhibits and (9) overruling plaintiff's motion in limine.

The facts other than the movements of the two vehicles immediately before the collision are not in serious dispute. About

4:30 p. m. February 2, 1966 plaintiff was driving her husband's Buick automobile east on West Third Street in Sioux City. As she approached the intersection of West Third and Perry Streets a truck was parked in a no parking zone on the south side of Third just west of Perry. Automobiles were also parked just east of the intersection on the south side of Third in another no parking zone. Three children, with sleds were playing near the southeast corner of the intersection. A dog was with the children. It was a clear day, visibility was good and although there was some ice and snow near the street the paved surface thereof was dry. Defendant was also driving his Ford automobile east on Third, a short distance behind plaintiff. About 40 feet east of the intersection defendant's vehicle struck the rear of the Buick. Defendant's skid marks extended six feet back from the point of impact. The front of his automobile was badly damaged and could not be driven from the scene. Plaintiff's vehicle traveled on east, downgrade for about 50 feet. Plaintiff received personal injuries to her back and cervical area. She was hospitalized and incurred doctor and hospital expenses.

Plaintiff testified that as she entered the intersection she saw the children standing near the southeast corner thereof with sleds in their hands, she also saw a dog on the bank between the curb and sidewalk, near the children, and it was moving toward the street, she was traveling approximately 20 miles per hour, she stepped on the brakes to slow down so she could stop if necessary, she proceeded on through the intersection, about two car lengths east of the intersection the dog came out into the street from between two parked cars and then her vehicle was struck from the rear. She further testified she stepped on the brakes a couple of times and had slowed down to about 10 miles per hour but did not come to a stop. She did not see defendant's car behind her prior to the collision.

Donald Pyle, called by plaintiff, testified he was sitting in his parked truck in the no parking zone on the south side of West Third just west of the intersection, he had been watching the three children who were playing and sliding into the street and also observed the dog as it was running back and forth and following the children into the street. He had remarked to his partner, "I bet somebody is going to hit one of those kids". He stated plaintiff then came by, the dog was in the street, plaintiff was traveling 20 to 25 miles per hour, the taillights of plaintiff's car came on and then off and she continued on down the street, the dog then ran out into the street between two parked cars, plaintiff's taillights again came on momentarily, she was barely moving, maybe 4 miles per hour, and then her vehicle was struck from the rear by defendant's Ford. He further testified plaintiff was not stopped when the impact occurred.

As defendant passed the parked truck Pyle remarked: "Boy, he's going to hit that car if he don't slow up." Pyle estimated defendant's speed at 25 to 30 miles per hour.

Sioux City Police Officer Franklin J. Henrich arrived on the scene soon after the collision. He described the six foot skid marks made by defendant's Ford, the point of impact at approximately 40 feet east of the east curb of Perry Street and 12 feet north of the south curb of West Third and stated, "The taillights on the Buick did work but they were quite dirty and probably hard to see."

Defendant testified he was headed home after work and had coemployees, Lee Oertel and Charlie Stanislav with him, he approached the intersection at about 20 to 25 miles per hour, plaintiff stopped her vehicle in the southeast corner of the intersection, he stopped, plaintiff's car then started ahead, he followed, plaintiff stopped suddenly and he was unable to stop before his Ford struck the rear of the Buick. He had seen the children as he

approached the intersection but not thereafter. He did not see any tail or brake lights of the Buick come on at anytime. He further testified after the accident he asked plaintiff why she stopped so suddenly and she said she saw a dog. This conversation was not denied by plaintiff.

The testimony of Oertel and Stanislav defendant's passengers, is substantially the same. Each testified plaintiff approached the intersection at about 15 or 20 miles per hour, plaintiff stopped in the southeast corner of the intersection, defendant stopped, plaintiff started, defendant started to follow, then plaintiff stopped suddenly and the collision followed. Neither observed a tail or brake light in operation at either stop of the Buick.

■ I. Plaintiff's counsel in the reply brief and in oral argument concedes the contentions made under the first assigned error were rendered untenable by our holding in Cavanaugh v. Jepson, Iowa, 167 N.W.2d 616, filed subsequent to preparation of the first briefs in the case at bar. We agree.

■ II. Under her second assignment of error plaintiff argues her motion to withdraw the issue of sudden emergency should have been sustained and the court's instruction on sudden emergency was inadequate.

In count III of defendant's answer he alleged he was faced with an emergency not of his own making and thereafter acted as a reasonably prudent person. Plaintiff's reply denied these allegations. At the close of the evidence plaintiff moved the issue of sudden emergency be eliminated on the ground "that so far as defendant is concerned, there has been no affirmative allegations of any specific acts on the part of the plaintiff to authorize such relief and therefore that relief cannot be granted under the pleadings and the proof in this matter."

The trial court was correct in overruling plaintiff's motion. The existence of a sudden emergency is not an affirmative defense, but is one of the circumstances to be considered by the jury in determining whether defendant was negligent. Defendant did not need to plead sudden emergency. Stevenson v. Abbott, 251 Iowa 110, 113, 99 N.W.2d 429, 431; Miller v. Griffith, 246 Iowa 476, 482, 66 N.W.2d 505, 508; Koob v. Schmolt, 241 Iowa 1294, 1298, 45 N.W.2d 216, 218; Sanford v. Nesbit, 234 Iowa 14, 19, 11 N.W.2d 695, 698; McKeever v. Batcheler, 219 Iowa 93, 96, 257 N.W. 567, 568. See also Merchants Motor Freight v. Downing, 8 Cir., 227 F.2d 247. Defendant's general allegation of sudden emergency was more than he needed to plead and plaintiff cannot be heard to complain that defendant had failed to plead specific facts.

■ III. In instruction 20 the trial court submitted sudden emergency and followed the form recommended by number 5.4 of Iowa Uniform Jury Instructions. The record reveals no objection or exception to instruction 20 by plaintiff as required by rule 196, Rules of Civil Procedure. We have consistently held an objection to an instruction raised for the first time on appeal will not be considered by this court. Reich v. Miller, 260 Iowa 929, 938, 939, 151 N.W.2d 605, 610; Smith v. J. C. Penney Co., 260 Iowa 573, 587, 149 N.W.2d 794, 803; Hahn v. Graham, 256 Iowa 713, 721, 128 N.W.2d 886, 890; Crist v. Iowa State Hgwy. Comm., 255 Iowa 615, 628, 629, 123 N.W.2d 424, 432; Plumb v. Minneapolis & St. L. Ry. Co., 249 Iowa 1187, 1199, 91 N.W.2d 380, 388.

Plaintiff also failed to object or take any exception to the court's instruction on unavoidable or inevitable accident, instruction 11, to which plaintiff refers in the fourth assignment of error. Plaintiff's objections to instructions 11 and 20 being raised for the first time on appeal are not considered.

■ IV. Under the second assigned error plaintiff states the trial court erred in failing to allow cross-examination as to defendant's damage for the purpose of show-

ing speed. The record contains much evidence regarding damage to defendant's vehicle. Plaintiff-appellant's brief contains no brief point and no reference to the record by page and line of this assignment and it is therefore not considered on this appeal. Rule 344, R.C.P.; Osbey v. Nelson, 248 Iowa 571, 574, 81 N.W.2d 449, 451; Miller v. Griffith, 246 Iowa 476, 480, 66 N.W.2d 505, 507; Broadston v. Jasper County Sav. Bk., 244 Iowa 1161, 1163, 58 N.W.2d 309.

■ V. Plaintiff next claims the trial court erred in refusing to submit Count II of her petition based on the doctrine of res ipsa loquitur. This is a rule of evidence under which an inference of negligence is permissible when an injury is caused by an instrument under the exclusive control of defendant and the occurrence is such as, in the ordinary course of things, would not happen if reasonable care had been used in the operation of such instrumentality. It is of limited scope, ordinarily to be applied sparingly and with caution and only where the facts and demands of justice make its application essential. Mickelson v. Forney, 259 Iowa 91, 94, 143 N.W.2d 390, 392; Dorcas v. Aikman, 259 Iowa 63, 70, 71, 143 N.W.2d 396, 401, 402, and citations.

The two above cited cases involved accidents where plaintiff's vehicle was struck from the rear by that of defendant. In each we quite exhaustively reviewed our earlier cases involving collisions between two vehicles and held under the facts the trial court was correct in refusing to submit to the jury the pleaded doctrine of res ipsa loquitur. Repetition of our analyses made in these two cases is unnecessary here.

In our Dorcas and Mickelson cases we quote with approval this from 38 Am.Jur., Negligence, section 300, page 997: "The doctrine does not apply where the agency causing the accident was not under the sole and exclusive control of the person sought to be charged with the injury. If it

appears that two or more instrumentalities, only one of which was under defendant's control, contributed to or may have contributed to the injury, the doctrine cannot be invoked."

Mr. Alan Loth, a distinguished Iowa lawyer, in his article "Res Ipsa Loquitur in Iowa", 18 Drake Law Review 1, 9, 10, states: "In some cases, even plaintiff's innocent conduct in the accident may not establish defendant's complete control. This is most often true in accidents involving several instrumentalities of which plaintiff's is one. It can, however, also be true with respect to a single instrumentality. Plaintiff is always a party to the accident, so that alone will not defeat him, but his active participation can negate defendant's exclusive control, just as may a third person's participation. Further, innocent participation may not save him."

Mickelson and Dorcas are analogous to the case at bar. By the change of movement of plaintiff's vehicle immediately before the collision defendant's exclusive or sole control of the instrumentality which caused the accident was negated. The trial court was correct here in refusing to submit this case to the jury on res ipsa loquitur.

■ VI. Plaintiff argues the trial court committed prejudicial error in denying her motion that the jury be permitted to view the scene of the accident. In doing so the court stated: "There is nothing peculiar to the intersection which I think would aid the jury in any manner, the topography of the grounds or any other factor would not aid the jury, so far as I know; but, perhaps more important, there is no testimony in this record that the intersection is now in the same condition."

The trial court is vested with discretion in the matter of permitting the jury to view the place where a material fact occurred. Rule 194, R.C.P.; Clarke v. Hubbell, 249 Iowa 306, 317, 86 N.W.2d 905, 911; Geagley v. City of Bedford, 235

Iowa 555, 559, 16 N.W.2d 252, 255, and citations. We are not persuaded it was an abuse of discretion to refuse it here.

 VII. Plaintiff's assigned errors 7, 8 and 9 are argued in one division by both parties to this appeal. In pretrial proceedings it appeared plaintiff was treated during her hospitalization following the accident for other health problems in addition to those caused by the accident and the doctor and hospital bills included charges for all treatment and care. The trial court ordered production of all hospital records including those prior to February 2, 1966, the accident date. They were not introduced in evidence. On trial the amount of certain medical and hospital expenses incurred by plaintiff as a result of the accident were stipulated. The trial court refused to admit the doctor and hospital bills which plaintiff offered as exhibits.

The record shows without dispute plaintiff was injured and damaged as a result of the accident. Plaintiff's claimed errors 7, 8 and 9 relate to evidence dealing with damages and not the right to recover. The errors, if any, were cured by the verdict for defendant. The exclusion of admissible evidence which could not, if received, have changed the result is harmless error. Durant Elevator Co. v. S. J. Hoffman and Sons, 259 Iowa 500, 505, 145 N.W. 2d 25, 27; Vasey v. Stern Finance Co., 259 Iowa 605, 608, 145 N.W.2d 23, 25; Rutten v. Investors Life Ins. Co. of Iowa, 258 Iowa 749, 758, 140 N.W.2d 101, 107; Christianson v. Kramer, 257 Iowa 974, 978, 979, 135 N.W.2d 644, 647, and citations.

VIII. Plaintiff's remaining assigned error in overruling her motion for new trial raises chiefly the same questions we have discussed above. The motion also asserted a new trial should be granted as the jury failed to administer substantial justice and the jury failed to respond by its verdict to the real merits of the controversy.

In ruling on a motion for new trial the trial court has a broad, but not unlimited, discretion in determining whether the verdict responds to the real merits of the controversy and effectuates justice between the parties. Davis v. Walter, 259 Iowa 837, 843, 146 N.W.2d 247, 251; Hahn v. Graham, 256 Iowa 713, 722, 128 N.W.2d 886, 891; Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256, 260, and citations.

The trial court carefully analyzed the record and considered each ground asserted for new trial. The court found plaintiff's contentions that the verdict reflected passion and prejudice, the jury failed to administer substantial justice and to respond to the real merits of the controversy were without merit. We agree with the trial court's ruling. No abuse of discretion is shown.

We find no reversible error.

Affirmed.

All Justices concur except RAWLINGS, J., who takes no part.