# IN THE COURT OF APPEALS OF IOWA

No. 19-0829
Filed August 5, 2020

**CAROLYN LINDGREN,**
　　　Plaintiff-Appellant,

**vs.**

**KESHAV CORPORATION d/b/a AMERICINN CORALVILLE,
an Iowa Corporation,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.


　　　Carolyn Lindgren appeals following a jury verdict for Keshav Corporation.

**AFFIRMED.**



　　　Larry J. Thorson of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, for

appellant.

　　　James P. Craig and Shannon M. Powers of Lederer Weston Craig PLC,

Cedar Rapids, for appellee.



　　　Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Carolyn Lindgren appeals following a jury verdict in her personal-injury action against Keshav Corporation (Keshav Corp.), owner of an AmericInn hotel in Coralville, Iowa. Lindgren claims the district court erred by allowing testimony about a swimming pool inspection performed four years after the incident occurred. In addition, Lindgren claims the district court erred in not allowing the jury to inspect the premises upon request.

I.     **Background Facts and Proceedings**

In October 2012, Lindgren and her family checked into the AmericInn hotel. Lindgren and her daughters visited the pool area. On her second trip into the pool, Lindgren slipped on the top step while attempting to reach for the railing. She fell and injured her lower back and buttocks. Lindgren then filed an incident report with the hotel clerk and returned home.

The hotel's pool was inspected annually by the Johnson county public health department, pursuant to Iowa Administrative Code chapter 15. The Administrative Code states that pool stairs shall have a contrasting stripe at the edge of each step that is "slip-resistant." Iowa Admin. Code r. 641–15.4(4)(b)(4), 15.4(4)(b)(8). James Lacina, the environmental health manager for Johnson county public health, visually inspected the pool's steps in 2007 and 2012. According to his 2012 visual inspection, six months prior to Lindgren's fall, the pool's steps were in compliance.

In 2014, Lindgren filed a personal-injury action claiming damages caused by her slipping on an alleged non-compliant step in the hotel's pool. Lindgren subpoenaed Lacina for trial, scheduled for December 2016. This caused Lacina,

without prompting from either party, to return to the hotel's pool to inspect the steps. The parties only discovered that Lacina conducted the 2016 inspection a week before trial. Lindgren initially argued her claim under a theory of negligence per se. On Lacina's cross-examination by Keshav Corp., counsel asked when he had last visited the pool. Lindgren objected, claiming the visit was irrelevant, prejudicial, and therefore should not be admitted.[1] An offer of proof was made outside the presence of the jury about Lacina's inspection in 2016. The district court explained:

> The criminal appealed cases always say any evidence that's favorable to one party is always prejudicial to the other party, but I'm going to let it in. Both sides have had equal access to this witness. I do think it's relevant. I don't think it violated [Keshav Corp.'s motion in limine] by letting him say that he went out to look at and inspect and personally feel . . . the pool when he got notice of the litigation.

In addition, the district court said Lindgren opened the door by testifying the pool steps were not slip-resistant, which allowed Keshav Corp. to rebut that evidence. Finally, the court noted Lacina was not an expert witness.

Lacina then testified that there had been no structural changes to the pool between 2007 and 2016 and it was his opinion that the steps were in compliance with the applicable regulation. Lacina also testified that if a structural permit had been requested for the pool, such as changing the steps, his office would have been aware of it.

---

[1] Lindgren also argued that Lacina's 2016 inspection testimony amounted to a "negative" subsequent remedial measure and thus, should not be admitted under Iowa Rule of Evidence 5.407. This argument is without merit; rule 5.407 excludes evidence of post-incident safety additions to the subject condition. This prevents the erroneous inference of, "if they needed to make something safer, then it was faulty or in poor condition to begin with." No such inference can be made here.

The owner of the hotel testified that he was never cited for lack of a slip-resistant edge to the pool steps. The owner further testified he had never enhanced the texture or made any alterations to the steps. By contrast, Lindgren testified she slipped on the tiled edge of the pool's step, which was "glazed" and "slick." She stated the rest of the step, the plaster section, was rougher. Lindgren called a second witness who corroborated her testimony.

At the conclusion of the trial, Lindgren requested that the jury be able to view the pool in person and conduct an examination of the steps. In addition, the jury made the same request during their deliberation. The district court denied the requests, stating:

> Decisions of jury viewing of the scene are within the Court's discretion. I'm denying that because we don't allow juries, first of all, to conduct experiments on their own. Secondly, the jury has been able to view through numerous pictures and video the layout, the whole scene through . . . those photographs. And they certainly have . . . adequate knowledge of the scene for the purposes of making their decisions in this case.

Lindgren argues on appeal the district court abused its discretion when it permitted testimony about Lacina's pool inspection conducted in 2016, four years after the incident occurred. In addition, Lindgren argues the district court abused its discretion in denying her request for a jury examination of the pool.

## II.	Scope and Standard of Review

"We review the district court's evidentiary rulings for an abuse of discretion." *Hall v. Jennie Edmundson Memorial Hosp.*, 812 N.W.2d 681, 685 (Iowa 2012). "The decision to grant or deny a jury view request . . . is reversible only upon a showing of abuse of discretion." *State v. Hicks*, 277 N.W.2d 889, 893 (Iowa 1979) (citations omitted). "An abuse of discretion occurs when the trial court 'exercises

its discretion on clearly untenable grounds or to an extent clearly unreasonable.'" *Kurth v. Iowa Dep't of Transp.*, 628 N.W.2d 1, 5 (Iowa 2001) (quoting *State v. Greene*, 592 N.W.2d 24, 27 (Iowa 1999)). "'[W]e grant the district court wide latitude regarding admissibility' and will reverse only where the losing party was prejudiced by an unreasonable decision." *Id.* (quoting *State v. Sallis*, 574 N.W.2d 15, 16 (Iowa 1998)).

### III.    Analysis

#### A.    2016 Inspection Testimony

Lindgren asserts the district court abused its discretion by allowing testimony about Lacina's inspection of the pool's steps four years after the incident occurred. In support of this contention, she claims this particular testimony was irrelevant and prejudicial.

"Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000) (quoting Iowa R. Evid. 5.401). "Irrelevant evidence is not admissible." *Id.* at 637. However, "even relevant evidence should not be admitted when 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury . . . .'" *Id.* at 637–38 (quoting Iowa R. Evid. 5.403). "A determination of the probative value of relevant evidence focuses on the strength and force of the tendency of the evidence 'to make a consequential fact more or less probable.'" *Id.* at 638 (citing *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000)). "Unfair prejudice arises when the evidence prompts the jury to make a decision on an improper basis . . . ." *Id.*

(quoting *Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 569 (Iowa 1997)).

Therefore, two questions must be answered in order to admit evidence: "(1) is the

evidence relevant? and (2) if so, is its probative value substantially outweighed by

the danger of prejudice or confusion?" *Id.*

### 1. Relevance

Keshav. Corp. argues that the slip-resistant nature of the steps in 2016 is

relevant to the nature of the steps in 2012. It argues that the Johnson County

public health department would have been aware of any structural change to the

pool; Lacina testified that any structural change to the pool requires notifying the

health department. In addition, Lacina stated the steps in 2016 were compliant

and consistent with his previous inspections. Finally, the hotel's owner testified he

never altered the pool's steps nor was he ever cited for their slip resistance.

Thus, the argument goes, if the steps were compliant in 2016 and no

alterations were made since 2012, then the steps were likely compliant in 2012.

While it is possible the slip resistance was altered without notice being given to the

health department, the 2016 inspection and testimony tends to show the steps'

compliance in 2012 was more probable than if the testimony had not been

admitted. Thus, despite being four years after the injury, the 2016 inspection and

testimony is relevant.

### 2. Prejudice

But our inquiry does not stop here, because even relevant evidence may be

inadmissible if it is substantially prejudicial. *Id.* at 637–38.

Lindgren claims that the 2016 testimony was prejudicial because it occurred

four years after the incident. It is true that four years is a substantial period of time

after the incident. However, the testimony was relevant and thus, the time difference alone does not make the testimony prejudicial.

Lindgren further argues the 2016 testimony provided the jury an improper basis in deciding the case. In support of this argument, she points to the jury's request to examine the pool's steps. We see no reason to infer an improper basis of decision from what appears to be the jury's curiosity.

Because the testimony was relevant and non-prejudicial, it was not unreasonable for the trial court to admit. Thus, we find no abuse of discretion.

B.      Jury-Examination Request

Lindgren also claims the district court abused its discretion by denying her request of a jury examination of the pool's steps. The district court has discretion in determining whether to permit a jury view. Iowa R. Civ. Pro. 1.922; *Humphrey v. Happy*, 169 N.W.2d 565, 569 (Iowa 1969). The purpose of a viewing "is to enable (the jury) to better understand and apply the testimony of the witnesses, and not to make them silent witnesses in the case; and . . . the verdict must be based on the evidence, and not on (the jury's) personal examination." *Hicks*, 277 N.W.2d at 893 (quoting *State v. Ling*, 199 N.W. 285, 287 (1924)).

Lindgren argues a jury examination of the pool would have mitigated the prejudice caused by Lacina's 2016 inspection testimony. A viewing is meant to help the jury in applying the witness testimony. *Id.* A viewing cannot be used to supplant or corroborate witness testimony. *Id.* Lindgren's request based on her theory of mitigation is not a permissible reason to allow a jury examination. *Id.* As the district court correctly determined, juries are not permitted to conduct their own experiments. *See id.*

The district court further determined the numerous photos of the pool, the video of the incident, and the testimony provided sufficient evidence for jury deliberations. We agree. Because the jury had sufficient evidence before it, we find no abuse of discretion in the district court's denial of the jury's examination request.

## IV. Conclusion

Since the 2016 inspection testimony tended to make more probable the compliance of the pool's steps and because no unfair prejudice resulted, we find no abuse of discretion. In addition, we find the trial court's denial of a jury examination was well reasoned and was not an abuse of discretion when considering the evidence the jury had available to consider.

**AFFIRMED.**