MARIE BARTELS, appellant, v. CAIR-DEM, INCORPORATED, appellee.

No. 51083.

(Reported in 124 N.W.2d 514)

NOVEMBER 12, 1963.

Raymond E. Pogge, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

GARFIELD, C. J.—Plaintiff, an invitee in defendant's supermarket in Council Bluffs, was injured in a fall over a wooden drawer, about 10 inches high and 2 feet long, on the floor of an aisle in the rear of a display counter. She brought this law action to recover for alleged negligence in causing her injuries. At the close of plaintiff's evidence the trial court sustained defendant's motion for directed verdict on the grounds of insufficient evidence of defendant's alleged negligence; plaintiff was

contributorially negligent as a matter of law; any negligence of defendant was not the proximate cause of her injuries and it would be the court's duty to set aside any verdict for plaintiff. From judgment accordingly plaintiff has appealed. We cannot approve the ruling.

I. We observe at the outset that these propositions, applicable here, are deemed so well established that authorities need not be cited in support of any of them:

1) In considering the propriety of the directed verdict we give plaintiff's evidence the most favorable construction it will reasonably bear;

2) Plaintiff has the burden to prove by a preponderance of the evidence defendant's negligence and her freedom from contributory negligence;

3) Generally questions of negligence, contributory negligence, and proximate cause are for the jury—it is only in exceptional cases they may be decided as matters of law;

4) An issue may be proven by circumstantial evidence, but this evidence must be such as to make the theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. Generally, however, it will be for the jury to say whether circumstantial evidence meets this test;

5) Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered. See rule 344(f) 2, 8, 10, 16 and 17.

II. A familiar statement in cases of this kind is that the facts of each particular case are controlling on the question of negligence. Corrigan v. Younker Brothers, Inc., 252 Iowa 1169, 1173, 110 N.W.2d 246, 248, and citations; Corkery v. Greenberg, 253 Iowa 846, 850, 114 N.W.2d 327, 329. We therefore summarize the evidence—in the light most favorable to plaintiff.

Plaintiff was 58 at the time she fell. She had ordered a cake by telephone from defendant's store. "They" were to bake it—a sheet cake with 48 pieces—for a party. She was to get the cake at defendant's "courtesy counter" just before going

to the party. About seven o'clock on the Friday evening of the party she went to the store and asked for her cake at the courtesy counter. The clerk told plaintiff the cake was not there, it must still be in the store's bakery and directed her to go with him to the bakery.

Entrance to the store, a Super Valu store, was on the north. The courtesy counter was on the west side in the front of the room. The bakery was in the northeast corner. Between the courtesy counter and the bakery was a row of five check-out stands. Immediately to the rear (south) of these stands was an east-west aisle wide enough for a customer to move the cart containing the merchandise of his choice. Just south of this narrow aisle was a counter with a display of merchandise on it extending from near the east wall to a point a little west of the center of the row of check-out stands. South of this merchandise display was another east-west aisle. It was about 10 feet wide. It was through this aisle that plaintiff followed the clerk from the courtesy counter to the door to the bakery room and returned with her cake to the west end of the display counter.

The wooden drawer over which plaintiff fell was near the middle of this 10-foot aisle, just to the rear of the counter with a display of merchandise on it. After plaintiff fell "they" pushed the drawer out of the way—close to the merchandise display. Plaintiff did not take the narrower aisle just to the rear of the check-out stands because it was filled with customers about to check out and that space was blocked. Then there was a wider open space at the west end of the display counter than at the east end and the east end was also blocked. She looked for a check-out stand where the fewest customers were waiting to be checked and saw only two customers were at the second or third stand from the west. It was about in front of the west end of the merchandise display. She intended to check out there.

At the time plaintiff fell she was carrying her cake in the same manner the clerk carried it out of the bakery and placed it in both her arms near the bakery door. It was in an open cardboard box about 10 inches wide and 18 inches long or a

little longer. Plaintiff held the box in front of her about waist high. She also was carrying her purse on one arm. Neither the clerk who got the cake from the bakery nor any other employee offered to carry it for plaintiff to a check-out stand or, for that matter, to the automobile in which she came to the store, parked in the store's parking lot near the entrance.

The drawer over which plaintiff fell was not in the aisle when plaintiff followed the clerk from the courtesy counter to the bakery. While the clerk was in the bakery a few minutes getting the cake she was facing east—away from the aisle. Plaintiff had usually patronized this store. She had never seen such an obstruction in an aisle. No one warned her of its presence. The drawer contained a device for stamping the price on cans and packages of merchandise, numbers to place in the end of "the stamper", labels, and rags with which to wipe off the merchandise. Prior to the evening she fell she had seen clerks in this store stamping the merchandise with this type of stamper.

There is much evidence that just before plaintiff fell her attention was distracted by the display of merchandise on the counter near the check-out stand she intended to use. The counter was about the same level as the cake plaintiff was carrying—waist high. She looked at the merchandise on display and the prices on it, decided she was not interested in buying any of it, saw there would soon be an opening at the check-out stand, started toward it, took two steps and fell over the drawer. It is not entirely clear whether she was looking at the display or the check-out stand at the moment she fell. There is substantial evidence she was looking at the display. Plaintiff did not see the drawer before she fell.

III. We may thus paraphrase the grounds of defendant's negligence alleged in plaintiff's petition: 1) In carelessly placing an obstacle in the aisle used by customers; 2) in failing to keep its premises in reasonably safe condition; 3) in failing to exercise reasonable care that plaintiff would not be exposed to danger from conditions in the store; and 4) in failing to warn plaintiff about said obstacle and danger.

No new or difficult rule of law is involved on this

appeal. It is not disputed that plaintiff was a customer in defendant's store and therefore occupied the status of an invitee. Of course it was not an insurer of her safety. It is equally clear defendant was under the duty to use ordinary care to keep in a reasonably safe condition those portions of its premises invitees are expected to use. Annotation, 61 A. L. R.2d 110, 118, entitled "Liability of proprietor of store * * * for injury from fall due to presence of obstacle placed or dropped on floor." The aisle in which plaintiff fell was such a place. As stated, it was the same aisle she used in following the clerk from the courtesy counter to the bakery. And there is evidence that when plaintiff returned from the bakery with her cake the clerk went ahead of her.

The first ground of defendant's motion for directed verdict is claimed insufficient evidence of its negligence. The point first urged in support of this ground in the trial court, and argued here (I-A), is that no notice to defendant is shown of any obstruction on its premises because there is no showing how long the drawer had been in the aisle or who placed it there.

A familiar and important principle in cases of this kind is that liability of a store owner or occupant for negligence in failing to keep his premises safe, or to warn invitees of existing danger, is predicated on the owner's or occupant's superior knowledge concerning the danger. Atherton v. Hoenig's Grocery, 249 Iowa 50, 54, 86 N.W.2d 252, 254, and citations; Vollmar v. J. C. Penney Co., 251 Iowa 1026, 1028, 103 N.W.2d 715, 716; Kramer v. F. W. Woolworth Co., 255 Iowa 633, 636, 123 N.W.2d 572, 574; Annotation, supra, 61 A. L. R.2d 110, 124.

On this question of knowledge there are two rules of fundamental significance. If the storekeeper or his servant places the obstacle on the floor, proof of knowledge is unnecessary; the storekeeper will be presumed to have notice. Kramer v. F. W. Woolworth Co., supra; J. C. Penney, Inc., v. Kellermeyer, 107 Ind. App. 253, 19 N.E.2d 882, 884; White v. Herpolsheimer Co., 327 Mich. 462, 42 N.W.2d 240, 243, 26 A. L. R.2d 667; Brown v. Slack, 159 Neb. 142, 65 N.W.2d 382, 385, 5 N. C. C. A.3d 437, and citation. Schafer v. Hotel Martin Co., 249 Iowa 866, 871, 89 N.W.2d 373, 376, and Vollmar v. J. C.

Penney Co., supra, at page 1031 of 251 Iowa, page 718 of 103 N.W.2d, recognize this rule as applied to claimed dangerous condition of the premises.

The second rule is that where presence of the obstacle is traceable to persons for whom the proprietor is not responsible, proof of his negligence requires a showing he had actual notice thereof or that the condition existed for such a length of time that in the exercise of reasonable care he should have known of it. Kramer v. F. W. Woolworth Co., supra, 255 Iowa 633, 636, 123 N.W.2d 572, 574; J. C. Penney, Inc., v. Kellermeyer, supra, 107 Ind. App. 253, 19 N.E.2d 882. See also Vollmar v. J. C. Penney Co. and Schafer v. Hotel Martin Co., both supra.

65 C. J. S., Negligence, section 208, pages 968, 969, states substantially these same two rules as applicable to cases of injury resulting from dangerous or defective condition of premises.

The annotation in 61 A. L. R.2d, supra, at pages 124 to 126, says in effect no precedent has been found indicating disagreement with either of these two rules.

There is no direct evidence an employee of defendant placed the drawer in the aisle. However, we think this may reasonably be inferred from the testimony. Defendant was operating the store. The drawer and its contents were used in marking and dusting cans and packages. Plaintiff had observed the clerks on previous occasions stamping prices on merchandise with the type of stamper that was in the drawer. The merchandise on the display counter adjoining the aisle had prices stamped on it. It is unlikely a customer or other visitor to the store would know where the drawer was kept or would move it to the aisle. Such a person would have no occasion to place the drawer there.

Defendant argues it is more reasonable to assume the drawer was moved into the aisle by a child or a customer who might have struck it with a grocery cart. Nothing in the record warrants either assumption. Of course these are possibilities. However it is not necessary the testimony be so clear as to exclude every other possible theory than that on which liability

is predicated. It is only necessary that the evidence . be such as to make plaintiff's theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. This means only the evidence must be such as to raise a jury question within the limits of the foregoing rule—it need not be conclusive. Brower v. Quick, 249 Iowa 569, 575, 88 N.W.2d 120, 123, and citations. See also Sears, Roebuck & Co. v. Scroggins, 8 Cir., Mo., 140 F.2d 718, 723.

We need not consider whether defendant would be negligent if an employee left the drawer where a child or a customer with a grocery cart would be apt to move it into the aisle.

See as supporting the conclusion the jury could find the drawer was placed in the aisle by an employee of defendant: Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 559, 192 A. 419, 422 (carton of canned goods in aisle) ; White v. Herpolsheimer, supra, 327 Mich. 462, 42 N.W.2d 240, 243, 26 A. L. R.2d 667 (lower part of a swing protruded into aisle) ; Ralph v. MacMarr Stores, 103 Mont. 421, 62 P.2d 1285 (case of salad dressing in aisle).

The instant case is to be distinguished from those where a plaintiff falls on a banana peel, a piece of chewing gum, or other small object which might just as well have been dropped by someone for whose conduct the proprietor of the store is not responsible. As before indicated, in such cases it must be shown the proprietor had actual knowledge of the condition or that it existed for such length of time he should have known of it.

Further, on the question of knowledge, as stated, there is evidence the clerk went ahead of plaintiff, back to the courtesy counter, when she returned from the bakery room with her cake. Defendant argues it had no reason to believe plaintiff would fail to discover the drawer in the aisle. The jury could find it is more probable the clerk saw, or in the exercise of ordinary care should have seen, the drawer as he preceded plaintiff through the aisle, in time to have warned her of its presence. He was not carrying a cake in front of him in a large open box, waist high, with a purse on his arm. Nor, the jury could find, would the merchandise display on the adjoining counter or the people at the check-out stands reasonably distract his

attention, at least not to the extent plaintiff's attention was diverted thereby.

IV. The other point urged in support of the first ground of defendant's motion to direct verdict (I-B) is that the obstruction was obvious and plaintiff's failure to see it is chargeable solely to her.

We have held a storekeeper is not liable for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as to the storekeeper. Also that the duty owed by an inviter is to those only who do not know, or in the exercise of ordinary care for their own safety have no reasonable means of knowing, of defects or dangers. Atherton v. Hoenig's Grocery, supra, 249 Iowa 50, 54, 55, 86 N.W.2d 252, 255; Anderson v. Younker Brothers, Inc., 249 Iowa 923, 927, 89 N.W.2d 858, 861; Corrigan v. Younker Brothers, Inc., 252 Iowa 1169, 1173, 110 N.W.2d 246, 249, 250.

The first ground of defendant's motion cannot be upheld on the second theory urged in support thereof. As indicated before, plaintiff testifies she did not see the drawer until after she fell. It was not in the aisle when she walked through it a short time earlier. She had never before seen such an obstruction in an aisle of the store. In considering whether, as a matter of law, the obstruction was obvious, reasonably apparent to plaintiff or should have been seen by her in the exercise of ordinary care, the evidence that her attention was distracted by the merchandise on display near the check-out stand she intended to use is an important factor in her favor. This is especially true when considered together with the further fact her vision was somewhat obscured by the cake the clerk placed in her arms.

Warner v. Hansen, 251 Iowa 685, 690–694, 102 N.W.2d 140, 143, 144, is the leading Iowa precedent on the effect of distraction by display of merchandise. We there reversed a judgment on directed verdict for defendant. Miss Warner's complaint was against a change in floor level at the bottom of stairs, which was at least partially deceiving, and from which her attention was distracted by a display of merchandise. This from the opinion, on the question whether the situation should

have been apparent to plaintiff in the exercise of ordinary care, is applicable here:

"But we think the governing rule here is that expressed * * * in Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 559, 192 A. 419, 422: 'The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers * * *.' It is true, as defendant urges, that this case involved an obstruction arising from leaving a carton of canned goods in an aisle. The same factual situation obtained in Brown v. Slack, 159 Neb. 142, 148, 65 N.W.2d 382, 386, where the Nebraska Supreme Court quoted with approval from Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N.W. 811, 812: ' "Under such surroundings, reason suggests that the proprietor's invitee might not be required to exercise the same or an equal degree of care to avoid obstacles to safety as would be required of the pedestrian upon the open street" '." (Page 690 of 251 Iowa, pages 143, 144 of 102 N.W.2d)

Corrigan v. Younker Bros., Inc., supra, 252 Iowa 1169, 1174, 110 N.W.2d 246, 249, cited by defendant, affirms a judgment on directed verdict against a plaintiff who fell over steps leading to a platform in defendant's tearoom where a style show was to be held. We held the steps were in plain sight and, in any event, reasonably apparent, and the fact plaintiff was looking about the room for friends was not a distraction caused by defendant which made the holding in Warner v. Hansen, supra, applicable. However, the Corrigan opinion makes this significant observation which points up one distinction between it and the present case: "If the style show had been under way and plaintiff had been distracted by it, she might well have been within the rule of the Warner case."

We will comment on one other precedent defendant relies on—Crouch v. Pauley, 254 Iowa 14, 116 N.W.2d 486, where plaintiff fell over a roll of carpet after paying her bill and turning to leave defendant's store. In a five-to-four decision a

judgment on directed verdict for defendant was affirmed on the ground the carpet roll was obvious and plaintiff admitted she saw it when she started toward the cashier's desk. The instant case presents no comparable factual situation.

Other authorities cited by defendant have been considered but need not be discussed.

Other precedents which support our conclusion the verdict should not have been directed on the ground presence of the drawer in the aisle was obvious, and plaintiff's failure to see it was chargeable solely to her, include Phillips v. Montgomery Ward & Co., 5 Cir., Miss., 125 F.2d 248; Stofer v. Montgomery Ward & Co., 8 Cir., Mo., 249 F.2d 285; Ralph v. MacMarr Stores, 103 Mont. 421, 62 P.2d 1285.

V. In the two preceding divisions we hold the verdict should not have been directed on grounds I-A or I-B. They are the only grounds asserted in the trial court in support of the contention there was insufficient evidence to sustain any of the alleged grounds of negligence. In its argument here defendant advances another ground in support of this contention which was not asserted in its motion to direct—that defendant had no notice the condition was dangerous.

We are committed to the rule that a directed verdict will not be upheld upon appeal on a ground not asserted in the trial court. John Rooff & Sons, Inc., v. Winterbottom, 249 Iowa 122, 127, 86 N.W.2d 131, 135, and citations; Frederick v. Goff, 251 Iowa 290, 296, 100 N.W.2d 624, 628; Markman v. Hoefer, 252 Iowa 118, 122, 106 N.W.2d 59, 62, and citations.

VI. Defendant's motion to direct was also sustained on the grounds plaintiff was contributorially negligent as a matter of law and that as a matter of law, if defendant was negligent, it was not the proximate cause of her injuries. No attempt is made here to uphold either ground. As indicated at the outset, both grounds should have been overruled. The issues of freedom from contributory negligence and proximate cause, as well as that of defendant's negligence, were properly for the jury.

The annotation, supra, in 61 A. L. R.2d 110, 152 et seq., deals at some length with the question of contributory negli-

gence in cases of this kind. We quote therefrom "principles of general applicability", supported by many cited precedents:

 "It appears to be settled that, in the absence of notice of the presence of an obstacle on the floor within business premises, persons present therein have the right to assume that the floor is free of such dangers. * * *

"At the same time, there is no right to proceed blindly through business premises in disregard of obvious dangers [page 153]. * * *

"There is considerable authority to the effect that in determining the contributory negligence of a person injured while upon business premises, the fact that his attention may be distracted by merchandise on display is a factor to be weighed in his favor." (Page 154)

What we say in Division IV regarding distraction by merchandise display bears on the issue of defendant's negligence but the matter of such distraction is also important on the issue of freedom from contributory negligence. These two issues are closely related and depend upon the same reasoning. Warner v. Hansen, supra, 251 Iowa 685, 695, 102 N.W.2d 140, 146; Lattner v. Immaculate Conception Church, 255 Iowa 120, 128, 121 N.W.2d 639, 644.

Other precedents which support our holding plaintiff was not contributorially negligent as a matter of law include, all supra: Sears, Roebuck & Co. v. Scroggins, 8 Cir., Mo., 140 F.2d 718, 723; White v. Herpolsheimer Co., 327 Mich. 462, 42 N.W.2d 240, 243, 244, 26 A. L. R.2d 667; Ralph v. MacMarr Stores, 103 Mont. 421, 62 P.2d 1285, 1289; Brown v. Slack, 159 Neb. 142, 65 N.W.2d 382, 386, 5 N. C. C. A.3d 437. See also cases cited annotation, 162 A. L. R. 949, 960, 961, and the earlier annotations cited on page 959.

As stated in Sears, Roebuck & Co. v. Scroggins, supra (page 723 of 140 F.2d), "He had a right to expect an unobstructed aisle. [citations] * * * One need not look for danger when there is no reason to apprehend any [citations]."

Our conclusion the issue that defendant's alleged negligence was the proximate cause of plaintiff's injuries was for the jury calls for no discussion. However, Sears, Roebuck & Co. v. Scrog-

gins, supra, is among the decisions that might be cited in support of it.

After full consideration of all questions presented, the judgment is reversed and the cause remanded for a new trial.— Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.