Dennis J. SCHULLER and Becky
Schuller, Appellants,

v.

HY–VEE FOOD STORES, INC.,
Appellee.

No. 67492.

Supreme Court of Iowa.

Dec. 22, 1982.

Benjamin W. Blackstock and James W. Affeldt of Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for appellant.

James F. Pickens of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Plaintiffs Dennis J. Schuller and Becky Schuller appeal from judgment on jury verdicts for defendant Hy-Vee Food Stores, Inc., in their negligence suit based on Dennis's fall over a canister ashtray in a grocery store of defendant in Marion on April 8, 1979. Dennis, who is a dentist, suffered injuries to his right hand for which he sought substantial damages. Becky sought damages for loss of consortium. In this appeal, plaintiffs assert numerous errors in rulings on evidence and in the instructions. We reverse as to both plaintiffs because the court erred in refusing two of plaintiffs' requested instructions, and we also reverse on Dennis's appeal because the court erred in two respects in its instruction on contributory negligence. The case is remanded for new trial.

Dennis had been in the Hy-Vee store only once before. On the date of the accident, a Sunday, Becky was out of town and Dennis had gone to the store to purchase ingredients to make an omelet. He proceeded down the first aisle toward the back of the store. After picking up some eggs he started to walk into an aisle that would take him back toward the front of the store. Before entering the aisle, he had to pass a beer display at the end of the counter. Approximately halfway around the beer display he observed a customer with a cart occupying a little more than half of the aisle. He saw another customer walking down the aisle in his direction. His path kept him fairly close to the counter as he rounded the display. He testified that he was looking at merchandise and had no reason to believe anything would obstruct the route he had selected as he entered the aisle. An ashtray canister was sitting around the corner directly in his path, and he tripped over it without seeing it.

Plaintiffs subsequently brought this action. After trial, the jury returned verdicts for defendant and this appeal followed. Plaintiffs contend the trial court erred in several respects in admitting and excluding evidence over their objection. They also assert error in the court's rulings on their objections to the instructions and the refusal to give requested instructions. Even though reversal is required on both appeals on two grounds and on Dennis's appeal on two additional grounds, we also briefly address some of plaintiffs' other contentions for the guidance of the court and parties on retrial.

I. *Rulings admitting evidence.* Plaintiffs allege the court erred in two rulings admitting evidence. One ruling admitted evidence of the absence of prior accidents, and the other admitted evidence permitting the jury to infer that someone other than a Hy-Vee employee may have been responsible for the placement of the ashtray.

This court has recognized the admissibility of evidence of the absence of accidents at the same place or with the same instrumentality under substantially similar circumstances as probative of the absence of danger or lack of knowledge of the danger by the defending party. *See Wiedenfeld v. Chicago & North Western Transportation Co.,* 252 N.W.2d 691, 700 (Iowa 1977); *Nelson v. Langstrom,* 252 Iowa 965, 970, 108 N.W.2d 58, 61 (1961). In the present case, two store employees testified they did not know of anyone previously falling over an ashtray in the store. Evidence of a weekly customer count was also admitted. Plaintiffs contend the court erred in overruling their objections to this evidence on relevancy grounds because of Hy-Vee's failure to show that any previous customer was confronted with substantially similar circumstances.

The rule, however, is that evidence of absence of prior accidents may be admitted without specific proof of the existence of

the same set of circumstances "when the experience sought to be proved is so extensive as to justify the inference that it included an adequate number of situations like the one in suit." McCormick's Handbook of the Law of Evidence § 200 at 476 (Second ed. 1972). The evidence showed that the store customarily kept canister ashtrays at the end of merchandise counters in the same general area as the one involved in this case. Evidence that four million customers had previously been in the store was sufficient to permit the court to conclude that other persons had been exposed to substantially similar circumstances. We find no abuse of trial court discretion in admitting the evidence.

■ The second challenged ruling admitting evidence occurred during cross-examination of Dennis. He was asked if it were not true "that anybody who desired could have picked up that canister and moved it." Plaintiffs objected on the ground defendant had not pleaded the conduct of a third party as a defense. The trial court overruled the objection, and Dennis acknowledged the possibility that a third party may have placed the canister where it was when he fell over it. He contends the objection should have been sustained. We find no error in the court's ruling. The evidence was admissible on the issue of proximate cause under principles explained in *Adam v. T.I.P. Rural Electric Cooperative,* 271 N.W.2d 896, 902 (Iowa 1978).

II. *Rulings excluding evidence.* Plaintiffs challenge four trial court rulings excluding evidence they sought to introduce. They offered a plywood mock-up intended to represent the end of the merchandise counter where the beer was displayed. Although plaintiffs acknowledge the exhibit was not identical to the actual shelving, they assert the discrepancies were sufficiently explained to require its admission.

■ The admission or exclusion of demonstrative evidence rests largely in the discretion of the trial court. *Davis v. Walter,* 259 Iowa 837, 842, 146 N.W.2d 247, 250 (1966). While admission of the mock-up would have been within the trial court's

discretion, we find no abuse of discretion in the exclusionary ruling. Moreover, plaintiffs were able to demonstrate their theory of the accident in alternative ways.

■ The second challenged ruling concerned an unsuccessful attempt to cross-examine defendant's assistant manager to show his lack of knowledge about specific prior accidents. An objection was sustained when plaintiffs' counsel sought to cross-examine the witness from a report that was not in evidence. The report was not offered, and no offer of proof was made. The witness admitted he lacked complete knowledge of all the falls that had occurred in the store. Under this record we find no error in the court's ruling.

■ The third exclusionary ruling also related to cross-examination about prior specific accidents. Plaintiffs complain they were not allowed to cross-examine the store manager concerning his knowledge of specific reports. The record shows, however, they were allowed to do so. The only objections that were sustained were foundation objections to their offer of the reports as exhibits, and they do not challenge those rulings. We find no merit in their present complaint.

■ Plaintiffs' final evidentiary challenge concerns the trial court's ruling sustaining an objection to their offer of rebuttal evidence showing defendant's display methods. No offer of proof was made, and no abuse of discretion has been shown.

III. *Rulings on instructions.* Plaintiffs contend the trial court erred in its instructions in five areas. One relates to specifications of negligence, a second to alleged confusing language, a third to the factor of distracting circumstances in relation to the respective duties of Dennis and Hy-Vee, a fourth to the issue of imputed negligence, and a fifth to the doctrine of comparative negligence.

A. *Specifications of negligence.* Plaintiffs sought submission of four specifications of negligence against defendant: blocking an aisle by placing an ashtray

where a customer was expected to walk, placing an ashtray in a concealed location, failing to place the ashtray in a safe location, and failing to warn of the ashtray's location. The court submitted only the issue whether defendant was negligent "in placing the ashtray stand in an aisle where customers were expected to walk." The court also instructed, however, on circumstances that the jury could find gave rise to a duty to warn.

■ Plaintiffs' first three specifications all alleged negligence in the placement of the canister. This concept was adequately incorporated in the single submitted specification. The court is entitled to choose its own language in submitting an issue and need not adopt the form requested by a party. *Wong v. Waterloo Community School District,* 232 N.W.2d 865, 870 (Iowa 1975).

■ The fourth requested specification presupposed actual or constructive knowledge by defendant that the condition existed, involved an unreasonable risk to business visitors and that defendant had no reason to believe business visitors would discover the condition or realize the risk. *See Hanson v. Town & Country Shopping Center, Inc.,* 259 Iowa 542, 547, 144 N.W.2d 870, 873 (1966). In order to impose liability for failure to warn the invitee of a dangerous condition, the possessor must know or be chargeable with knowledge of the condition and risk. *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 711 (Iowa 1973). In this case the court instructed the jury that if this predicate were established, defendant had a duty to protect Dennis either by eliminating the danger or warning him. Because an issue of fact was presented on the existence of the predicate, the trial court did not err in requiring the jury to find it was established before the duty to warn arose.

B. *Confusing instructions.* Plaintiffs contend that two of the court's instructions were confusing and misleading. They do not assail the accuracy of the two instructions. We do not find the instructions were either confusing or misleading in the respects claimed.

C. *Distracting circumstances.* The court submitted a specification of contributory negligence against Dennis on the issue of failure to maintain a proper lookout. Plaintiffs objected to this instruction because it failed to inform the jury that it should take into account the distracting displays of merchandise. In a requested instruction, plaintiffs asked the court to instruct on the same concept in relation to defendant's duty.

This court has held that in determining the contributory negligence of a person injured while on business premises, the fact that one's attention may be distracted by merchandise on display is a factor to be weighed in the person's favor. *See Bartels v. Cair-Dem, Inc.,* 255 Iowa 834, 846, 124 N.W.2d 514, 521 (1963). The same factor bears on the issue of the defendant's negligence. "These two issues are closely related and depend upon the same reasoning." *Id.*

■ A storekeeper expects and intends that business visitors will look at the goods which are displayed to attract their attention. Ordinarily the customer has a right to assume the floor is free of obstructions and pitfalls. This does not mean a customer may ignore a hazard that is as apparent, foreseeable and known to the customer as to the storekeeper. For example, a customer who sees a stockperson stocking shelves may be charged with knowledge that a box may be on the floor in proximity to that activity. *See Meader v. Paetz Grocery Co.,* 259 Iowa 1101, 147 N.W.2d 211 (1966). Generally, however, the storekeeper cannot complain if a customer looks at displayed goods instead of at the floor. The customer is not bound to the same care to avoid obstacles as a pedestrian on the street, and the storekeeper's care must be correspondingly greater. *See Warner v. Hansen,* 251 Iowa 685, 690–94, 102 N.W.2d 140, 143–46 (1960). The general rule applies here.

■ We find that plaintiffs' objection to the lookout instruction and their requested

instruction on defendant's duty were sufficient to alert the trial court to this rule. Accordingly we hold that the trial court erred both in refusing to modify the lookout instruction to incorporate the concept and in refusing to instruct on it in relation to defendant's duty.

■ D. *Imputed negligence.* The court refused a requested instruction which would have informed the jury that defendant was charged with the knowledge of its employees. The court did tell the jury defendant could not be held liable unless it had knowledge of the danger or in the exercise of reasonable care should have had such knowledge. Defendant's assistant manager testified he saw the ashtray in the position described by Dennis approximately ten minutes before the accident, but the jury was not told this knowledge was imputable to defendant. Plaintiffs were entitled to have the requested instruction given. *See Krueger v. Noel,* 318 N.W.2d 220, 225–26 (Iowa 1982).

■ E. *Comparative negligence.* Plaintiffs objected to the court's instruction submitting the defense of contributory negligence as a complete bar to Dennis's action, and they also objected to the court's refusal of their requested instruction that would have applied the doctrine of comparative negligence to the defense. This issue had been raised earlier by an amendment to their reply and a motion to adjudicate law points. Plaintiffs thus preserved error on the issue. Because they did so, and because the case must be retried in any event, the comparative negligence doctrine shall be applicable upon retrial in accordance with this court's holding in *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982).

REVERSED AND REMANDED.