Dolores M. KAMERICK and Ronald Kamerick, Appellants,

v.

WAL–MART STORES, INC., and Metropolitan Life Insurance Co., Appellees.

No. 92–967.

Court of Appeals of Iowa.

May 4, 1993.

Fred J. Kreykes of Kreykes & Sheppard, Pella, for appellants.

Joseph M. Barron and Roland D. Peddicord of Peddicord, Wharton, Thune and Spencer, P.C., for appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiffs, Dolores and Ronald Kamerick, appeal from a district court decision granting defendants' motion for judgment notwithstanding the verdict. We reverse and reinstate the jury verdict in favor of plaintiffs.

In the spring of 1989 Dolores drove to Wal–Mart to purchase some potting soil. She parked her car next to an outdoor display of gardening supplies, got out of the car, and asked an employee where she might find the potting soil. The employee, Ron Mason, then led Dolores toward the merchandise.

As Dolores was following Mason, she fell. She landed partially on an empty pallet that formerly contained peat moss. The peat moss had been sold or otherwise removed from the pallet.

Thereafter, Dolores and her husband brought suit against Wal–Mart Stores, Inc., and the owner of the land, Metropolitan Life Insurance Company, upon which Wal–Mart operates the store where the injury occurred. The matter proceeded to a jury trial.

At the close of all the evidence, defendants moved for a directed verdict. The court overruled the motion and submitted the case to the jury. The jury returned a verdict finding defendants fifty-one percent at fault and plaintiff forty-nine percent at fault. After adjusting for the apportionment of fault, plaintiffs were awarded damages in the amount of $49,179.12 plus interest.

Defendants then filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial. *See* Iowa R.Civ.P. 243, 244. The district court granted the motion for judgment notwithstanding the verdict and entered judgment in defendants' favor. The court based its ruling on lack of causation and a determination the empty pallet was a known or obvious danger for which defendants could not be liable. Kamericks appeal, contending the district court erred in sustaining defendants' motion for judgment notwithstanding the verdict.

We first consider whether the district court properly granted defendants' judgment notwithstanding the verdict. We must view all evidence in a light most favorable to plaintiffs. If reasonable minds could differ on issues presented, it is appropriate to submit the issues to the jury and the jury's verdict should be upheld. *Dennett v. City of Des Moines*, 347 N.W.2d 691, 692 (Iowa App.1984). Every legitimate inference which may reasonably be deduced from the evidence must be given to plaintiff. *Thacker v. Eldred*, 388

N.W.2d 665, 670–71 (Iowa App.1986). A judgment notwithstanding the verdict is inappropriate when plaintiffs have adduced substantial evidence in support of each element of their cause of action. *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 744 (Iowa 1977) (citations omitted). On appeal we must consider the evidence in a way most favorable to upholding the verdict. *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 873 (Iowa 1989). Plaintiffs contend the trial court erred in sustaining defendants' motion for judgment notwithstanding the verdict.

## I. *Negligence.*

■ Dolores was an invitee on defendants' premises because her purpose for entering the gardening supplies area was to purchase goods. *Konicek v. Loomis Bros.*, 457 N.W.2d 614, 618 (Iowa 1990). Defendants owed Dolores the duty to exercise ordinary care to keep its store in a reasonably safe condition and to warn her of hidden dangers or unsafe conditions of which it had knowledge. *Id.* A proprietor owes its invitees the legal duty to maintain its aisles and passageways in such condition as a reasonably careful and prudent person would deem sufficient to protect its patrons while exercising ordinary care for their safety. *See Bartels v. Cair–Dem, Inc.*, 255 Iowa 834, 840, 124 N.W.2d 514, 517 (1963) (citation omitted).

■ A failure to conform to this standard of care is negligence. William Prosser, Law of Torts § 143 (4th ed. 1971). Contributory negligence is generally a question for the jury. *Bartels*, 255 Iowa at 845, 124 N.W.2d at 521; Iowa R.App.P. 14(f)(10).

■ Our review of the record indicates there was sufficient evidence to generate a jury question as to whether defendants breached their duty to plaintiff. *See Smith v. JC Penney Co.*, 260 Iowa 573, 585, 149 N.W.2d 794, 801 (1967). The record shows Wal–Mart knew of the pallet's location as it put the pallet in place. Defendants acknowledged the danger to customers created by an empty pallet. Wal–Mart recognizes an empty pallet as a trip hazard and has a policy pallets should not be left empty. Mason testified he was trained to either remove an empty pallet or transfer merchandise to it. When taken in its most favorable light, plaintiff's evidence tends to show defendants created an unsafe condition in its store by leaving an empty pallet unattended.

■ Evidence also indicates the display was designed to attract the customer's attention at eye level and away from the floor. Reasonable care requires a store to protect or warn its customers against hazardous conditions which might be obvious but for such a foreseeable distraction. *Schuller v. Hy–Vee Food Stores, Inc.*, 328 N.W.2d 328, 332 (Iowa 1982); Restatement (Second) of Torts § 343A cmt. f, illus. 2 (1965). In view of the fact Mason was leading Dolores to the potting soil and there were displays all around the area where Dolores fell, we cannot say as a matter of law Dolores failed to exercise due care for her own protection. Plaintiffs' evidence is sufficient to permit an inference the pallet would not have been obvious to one exercising ordinary care. We hold the case was properly presented to the jury and the entry of judgment notwithstanding the verdict was not warranted.

## II. *Proximate cause.*

■ The district court found as a matter of law plaintiffs had failed to establish proximate cause. Ordinarily questions of proximate cause are for the jury. *Wilson*, 257 N.W.2d at 746; Iowa R.App.P. 14(f)(10). Only in exceptional cases does a party having the burden of proof on an issue establish it as a matter of law. Iowa R.App.P. 14(f)(10).

An exceptional case is one in which after construing the evidence in its most favorable light and resolving all doubts in favor of the party seeking to establish proximate cause, the relationship between cause and effect nonetheless is so apparent and so unrelated to defendant's conduct that no reasonable jury could conclude defendant's fault was a proximate cause of plaintiff's injuries.

*Johnson v. Junkmann,* 395 N.W.2d 862, 865 (Iowa 1986) (citations omitted). This is not such an exceptional case. It is difficult to establish proximate cause as a matter of law. *Paulsen v. Des Moines Union Ry.,* 262 N.W.2d 592, 596 (Iowa 1978) (citation omitted); *see Wilson,* 257 N.W.2d at 746.

> Proof of the necessary causal connection may be by either direct or circumstantial evidence but in event the latter is used, it must be sufficient to make plaintiffs' theory asserted reasonably probable, not merely possible, and more probable than any other theory based on such evidence; however it is generally for the trier of fact to say whether circumstantial evidence meets this test.

*Wilson,* 257 N.W.2d at 746 (citations omitted).

■ Plaintiffs must establish that substantial evidence supports a finding that the defendants' breach of its duty was the proximate cause of Delores's fall and resulting injuries. "[I]t is not necessary that the testimony be so clear as to exclude every other possible theory than that on which liability is predicated. It is only necessary that the evidence be such as to make plaintiffs' theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence." *Bartels,* 255 Iowa at 841–42, 124 N.W.2d at 519.

■ Dolores's injuries occurred in Wal-Mart's outdoor display of gardening supplies. Dolores asked an employee of defendant Wal-Mart, Ron Mason, for assistance in finding potting soil. Mason offered to assist Dolores and led her toward the potting soil. Mason led Dolores past the empty pallet. Dolores's attention was focused on Mason as she followed behind him and to his right. Among these gardening supplies was a display of white bags of peat moss, which were stacked on pallets and placed in a row. It is not disputed an end pallet in this display was empty as the peat moss on it had been sold or otherwise removed. This end pallet was the one onto which the plaintiff fell. Wal-Mart recognizes an empty pallet as a trip hazard. A customer tripping on such is a foreseeable consequence of defendants' negligence in creating the hazard.

At the time of the accident Mason did not dispute Dolores's assertion she tripped over the empty pallet. In his report of customer incident, Mason wrote Dolores tripped on an empty pallet. Dolores testified something caught her foot and she fell partially on the empty pallet.

In the instant case, the evidence viewed in a light most favorable to plaintiffs showed Dolores tripped on the empty pallet and suffered injuries as a result. Substantial evidence shows the jury could have reasonably found the empty pallet was the proximate cause of Dolores's fall and resulting injuries.

We hold the trial court erred substituting its own judgment for that of the jury and in sustaining defendants' motion for judgment notwithstanding the verdict.

We reverse the decision of the district court's order granting defendants' judgment notwithstanding the verdict and reinstate the jury verdict in favor of Kamericks.

Costs of this appeal are assessed to defendants.

**REVERSED.**