Judy Ann HOPPING and Stephen D. Hopping, Appellees,

v.

**COLLEGE BLOCK PARTNERS,**
Bushnell's Turtle, Inc.,
Appellants,

and

City of Iowa City, Appellee.

No. 97–2199.

Supreme Court of Iowa.

Sept. 9, 1999.

**704**

Julie L. Pulkrabek and Andrew B. Chappell of Phelan, Tucker, Mullen, Walker, Tucker & Gelman, L.L.P., Iowa City, for appellants.

Richard H. Zimmerman and James H. Arenson of Zimmerman & Miller Law Offices, Iowa City, for appellees Judy Ann Hopping and Stephen D. Hopping.

Marlita A. Greve of Brooke & O'Brien, P.L.C., Davenport, for appellee City of Iowa City.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, TERNUS, and HARRIS,* JJ.

CARTER, Justice.

Bushnell's Turtle, Inc. (Bushnell), an Iowa City restaurant business, and College Block Partners (College Block), the owner of the building in which the restaurant is located, appeal from an adverse judgment in a bench trial of a slip-and-fall claim by plaintiffs, Judy Hopping and her husband, Stephen Hopping. Plaintiffs cross-appeal from the court's judgment denying their claim against the City of Iowa City. In addition, plaintiff Judy Hopping appeals

* Senior judge assigned by order pursuant to

from the denial of her claim for time lost from working. After reviewing the record and considering the arguments presented, we (1) affirm the judgment for all damages awarded plaintiffs against Bushnell and College Block, (2) reverse that portion of the judgment that denied Judy's claim for time lost from working, and (3) affirm the judgment in favor of the City of Iowa City.

The fall on which this action is founded occurred on February 13, 1994. Judy and Stephen were returning to the Holiday Inn in downtown Iowa City from the Old Capitol Mall. Their route led them through a pedestrian plaza with businesses located along brick sidewalks on both sides. While Judy was walking directly in front of the business premises of Bushnell and College Block, she slipped and fell on an accumulation of ice on the brick surface and sustained a serious knee injury. The evidence at trial revealed that the patch of ice on which Judy fell was caused by melting snow dripping from a parapet on the abutting property owned by College Block and used by Bushnell. Because this occurred on a Sunday, the Bushnell restaurant was closed. Edwin Zastrow, who is part owner of both the building and the restaurant business, testified that he was aware that the runoff and refreezing on the sidewalk below occurred six to eight times each winter.

Judy and Stephen had traversed the identical route in the opposite direction earlier that afternoon and detected no ice at that time. They testified that the first time they passed the location where Judy fell was not more than one and one-half hours, and perhaps only forty-five minutes, before their return to the same location.

The district court found Bushnell and College Block to be liable to plaintiffs based on their creation of an unreasonably dangerous condition in which snow that had accumulated on the parapet of their building would, with regular frequency, thaw and the runoff would drip down and

Iowa Code section 602.9206 (1999).

refreeze on the sidewalk below. The court awarded damages to Stephen on his loss-of-consortium claim and to Judy for medical expenses, past and future pain and suffering, and loss of enjoyment of life. It denied her claim for lost wages.

No recovery was allowed against the City of Iowa City. The court concluded that the city's only duty with respect to snow or ice removal was in relation to natural accumulations thereof. The court further concluded that, even if the city had a duty to remove the icy condition, it did not have sufficient notice or time within which that could have reasonably been accomplished. Other facts that are pertinent to the appeal will be stated in our discussion of the legal issues presented.

## I. *Whether the Liability of Bushnell and College Block Was Correctly Determined.*

The first issue for consideration is the challenge by Bushnell and College Block to the court's conclusion that they breached a duty to plaintiffs that caused them harm. In contending that this did not occur, appellants argue that the evidence failed to show that they had notice of the icy condition or a reasonable period of time within which to remove it. Because the liability of College Block and Bushnell was imposed for keeping in place the conditions that produced the ice rather than for not removing it, we must reject those arguments.

■ In support of their arguments, Bushnell and College Block rely on several slip-and-fall cases establishing that a city's duty to remove natural accumulations of snow and ice must be based on actual or constructive notice of the dangerous condition and a reasonable period of time within which to remove it.[1] They also rely on *Frantz v. Knights of Columbus*, 205

N.W.2d 705, 712 (Iowa 1973), involving the duty of a possessor of land to protect its patrons against the hazards of natural accumulations of ice and snow. This argument suffers from the fact that, as pointed out in the *Frantz* opinion, the requirements of notice and an opportunity to remove the hazard which limit liability in situations involving natural accumulations of ice and snow do not extend to situations in which the defendant has control over the condition that caused the ice to form. *See Frantz*, 205 N.W.2d at 712. In such cases, notice of the danger is presumed. *Richardson v. The Commodore, Inc.*, 599 N.W.2d 693, 698 (Iowa 1999); *Ling v. Hosts Inc.*, 164 N.W.2d 123, 126 (Iowa 1969); *Bartels v. Cair–Dem, Inc.*, 255 Iowa 834, 840–41, 124 N.W.2d 514, 518 (1963).

■ In the present case, the district court expressly found "[d]efendants College Block Partners and Bushnell's Turtle had a . . . responsibility because it was the parapet on their building that caused the condition." The court further found, based on Zastrow's testimony, that College Block and Bushnell were aware of the danger posed by the building runoff.

The absence of any gutters to safely channel the building runoff was attributable to building restrictions imposed by a restoration project conducted pursuant to both city and federal regulation. However, as the district court noted, once Bushnell and College Block elected to own property subject to those antigutter restrictions, it was incumbent upon them to devise other means by which the runoff could be safely channeled away from the sidewalk below. The district court found that they had made no effort to do that.

As a final argument against the court's finding of liability, Bushnell and College Block seek to be relieved of any duty to

---

1. These cases are *Anderson v. City of Fort Dodge*, 213 N.W.2d 527, 528 (Iowa 1973), and *Hovden v. City of Decorah*, 261 Iowa 624, 626, 155 N.W.2d 534, 536 (1968). Both were decided prior to the 1984 amendment to Iowa

Code § 364.12(2)(b) that relieved the city of liability for icy conditions on the city sidewalks and placed it solely on the abutting property owner.

the plaintiffs that might otherwise exist by reason of a covenant by the City of Iowa City to remove accumulations of ice and snow in the pedestrian plaza area. We reject this argument because, as we discuss more fully in connection with our consideration of plaintiffs' appeal against the city, the trial court properly found that the obligation the city assumed only extended to (1) the removal of natural accumulations of snow and ice, and (2) frozen building runoff that was present and observable during the time that the city was removing natural accumulations. The district court did not err in imposing liability on College Block and Bushnell.

## II. *Plaintiffs' Appeal Against the City.*

■ The plaintiffs urge on their cross-appeal that the City of Iowa City should also be found liable for their injuries. The district court found that the city did not assume any obligation to remove ice formed by building runoff unless the city's employees were present for purposes of removing natural accumulations of snow and the icy spots attributable to the runoff were readily observable. Based on the evidence produced, we find that this is the most realistic interpretation of the city's voluntary assumption of snow and ice removal in the pedestrian plaza area. The city's policy in this regard is not the subject of any ordinance nor was it shown that any official action was taken with respect thereto by the city's governing body. *Cf. Smith v. Des Moines Civil Serv. Comm'n,* 561 N.W.2d 75, 79 (Iowa 1997) (governmental policies that are to be generally applied in lieu of particularized decisions in individual cases should be approved by the city council).

The only formal statement of the city's assumption of snow and ice removal responsibility in the pedestrian plaza area is found in a memorandum from the acting director of the Parks and Recreation Department. Although that memorandum does not expressly declare that the city is only undertaking to remove natural accumulations of snow and ice, it implicitly suggests that action on the city's part was to be triggered by the demands of general climatological conditions. It is unrealistic to interpret the city's undertaking as extending to the removal of isolated building runoff on occasions when its employees were not present for purposes of dealing with fresh wintertime precipitation.

## III. *Whether Judy Hopping Was Entitled to Recover for Time Lost From Working.*

Also raised on cross-appeal is Judy's contention that the district court erred in denying her claim for time lost from working as a result of her injury. The evidence indicated that as a result of that injury she did miss work for at least six weeks and perhaps longer.

The district court denied Judy's claim for time lost from work on the ground that she was fully compensated during her absence from work as a result of her employer's sick leave policy. The court found that the need to exhaust sick leave had not produced any pecuniary loss.

■ We conclude that the district court erred in characterizing Judy's claim as an attempt to recover for pecuniary loss from using up sick leave. It was simply a claim for time lost from work, which, under our past decisions, is compensable. We have characterized this element of damage as recovery for loss of time and have held that it is competent for the trier of fact to include in the damages assessed the reasonable value of a plaintiff's loss of time in that person's occupation. *Alitz v. Minneapolis & St. Louis R.R.,* 196 Iowa 437, 443, 193 N.W. 423, 425 (1923). When the occupation is as a wage earner, the value of the lost time is properly measured by the claimant's regular earnings. *Miller v. McCoy Truck Lines,* 243 Iowa 483, 491, 52 N.W.2d 62, 66–67 (1952); *Smith v. Pine,* 234 Iowa 256, 260, 12 N.W.2d 236, 239 (1943).

■ We have recognized that the collateral source doctrine precludes damages for time lost from work from being reduced as a result of sick leave or disability

insurance protections against loss of earnings that are not subject to a right of subrogation in the payor. *Collins v. King*, 545 N.W.2d 310, 311–12 (Iowa 1996). We reverse that portion of the judgment denying Judy's claim for time lost from work. This necessitates a remand to the district court for additional findings of fact on the existing record concerning the length and reasonable value of Judy's absence from work as a result of the February 13, 1994 injury.

We have considered all issues presented and for the reasons we have stated we affirm the judgment of the district court with respect to those items of damage it awarded plaintiffs against Bushnell and College Block. We also affirm the judgment in favor of the City of Iowa City. We reverse that portion of the judgment that denied Judy's claim against Bushnell and College Block for time lost from work. We remand the case to the district court on the latter issue for further proceedings in accordance with this opinion. Costs on appeal are taxed eighty percent to appellants, twenty percent to the Hoppings, and none to the city.

**AFFIRMED ON APPEAL; AFFIRMED IN PART AND REVERSED IN PART ON CROSS–APPEAL.**