ETTA M. MILLER, Appellant, v. GREENFIELD SAVINGS BANK et al., Appellees.

**JUDGMENT:** Assignment—Unauthorized Record—Effect. The recording in the court records of an assignment of a judgment, and the noting of the same on the appearance docket, together with the book and page where recorded, do not constitute constructive notice to the judgment defendant of such assignment; such a record not being one authorized by law. So held where a judgment so assigned was later, without notice to the assignee, set aside, on petition of the judgment defendant.

**CONSTITUTIONAL LAW:** Due Process—Cancellation of Judgment Without Notice to Assignee. The assignee of a judgment who fails to make known his assignment may not predicate lack of due process on the setting aside of said judgment without notice to him.

Headnote 1: 34 C. J. pp. 344, 640, 645; 34 Cyc. p. 615. Headnote 2: 12 C. J. p. 1238 (Anno.)

*Appeal from Adair District Court.*—W. S. COOPER, Judge.
APRIL 7, 1925.

ACTION by plaintiff, as assignee of a judgment against defendants, to set aside an order canceling the judgment, on the ground that said order was made in a proceeding to which plaintiff was not a party. From a judgment dismissing petition on its merits, plaintiff appeals.—*Affirmed.*

*Carl P. Knox* and *Frank B. Wilson,* for appellant.

*Musmaker & Williamson,* for appellees.

ARTHUR, J.—I. The facts are little in dispute, and may be chronologically stated as follows:

In the Adair district court, in an action wherein C. R. Miller was plaintiff, and the Greenfield Savings Bank and G. C. Haas were defendants, a judgment was rendered against said

1. JUDGMENT: assignment: unauthorized record: effect.

defendants in the sum of $1,200, on November 11, 1921. C. R. Miller, plaintiff in said action, in whose favor the judgment was rendered, was the husband of Etta M. Miller, appellant in this appeal. On November 16, 1921, C. R. Miller assigned, in writing, the above-mentioned $1,200 judgment to his wife, Etta M. Miller. Said assignment was filed in the office of the clerk of the court on November 17th; and minute made by the clerk on the appearance docket was, "assignment of claim," giving book and page where recorded. The assignment was recorded in the "district court record" on the day it was filed. On November 18th, the judgment defendants, who are appellees herein, filed motion for a new trial, which motion was, on November 23d, overruled, and judgment on the verdict confirmed. On November 28th, the judgment defendants perfected an appeal to the Supreme Court, which, on April 1, 1922, was dismissed without prejudice; and on April 15, 1922, perfected a new appeal, which was by them later dismissed. On September 11, 1922, the judgment defendants filed a petition for a new trial, alleging fraud on the part of C. R. Miller in obtaining said judgment, and on the ground of newly discovered evidence revealing said fraud. On hearing, the petition was sustained, and the original judgment set aside in November, 1922. From this ruling C. R. Miller appealed to the Supreme Court, which appeal he dismissed in May, 1924. While said appeal was pending, on August 13, 1923, Etta M.

Miller instituted this action which is now before us on appeal, to set aside the order of court canceling the original judgment entered against the Greenfield Savings Bank and C. J. Haas in the original case of C. R. Miller against said defendants. In her petition she alleged her ownership, by assignment, of the original $1,200 judgment, and the filing and recording of her assignment in the office of the clerk of the district court, and that no notice of the filing and hearing upon petition for new trial was served upon her. Assignment of the judgment is conceded. It also appears without dispute that she was not served with notice of the filing and hearing upon petition for a new trial, and that she made no appearance. Her action is predicated on the claim that, she being the owner of the judgment by assignment, which was of record, and no notice of the filing and hearing on petition for new trial having been served upon her, the court did not acquire jurisdiction, and was without jurisdiction to set aside said judgment. She further pleaded that the action of the court in setting aside said judgment was in violation of the Constitutions of the United States and of the state of Iowa, providing that no person shall be deprived of property without due process of law. The petition prayed that the order of the district court setting aside the judgment be vacated, and that the judgment originally entered be reinstated.

In their answer defendants allege that assignment of the judgment by Miller to his wife was without consideration and fraudulent; that Miller and his wife were in privity in respect to said judgment, and, therefore, there was an adjudication against Etta M. Miller, as well as against C. R. Miller; that C. R. Miller was the real owner of the judgment, and the real party in interest; and that Etta M. Miller knew, or should have known, of the hearing on the petition for a new trial, and had opportunity to intervene, but did not do so. The answer further alleged that Etta M. Miller never gave defendants any notice of the assignment of said judgment to her, and that defendants had no notice or knowledge of said assignment before or at the time the order setting aside said judgment and granting a new trial was entered. The evidence offered by appellees on the trial was directed to and in support of the last above-mentioned allegations as to want of notice and knowledge of said assignment.

In the trial of the case in which the original $1,200 judgment was entered, and on the appeals by defendants in said case,—which appeals were dismissed by defendants,—and on the hearing on the petition for a new trial, and the appeal of C. R. Miller from the order setting aside the judgment and granting a new trial, the same attorneys appeared for the parties as appear for them on this appeal.

II. It is conceded that no oral notice was given appellees, and no written notice was served on them of the assignment of the judgment in controversy by C. R. Miller to the appellant, Etta M. Miller. It is not seriously contended by appellant that appellees obtained actual knowledge of said assignment until this action was begun. It is conclusively established by the evidence that appellees knew nothing of the assignment before and at the time of the hearing on the petition to set aside the judgment and for a new trial, and did not learn of the existence of the assignment until the present action was begun. C. R. Miller employed attorneys, the same attorneys who prosecuted the original action for him, and resisted the petition for new trial. Notice of the petition was served on C. R. Miller. No notice was served on Etta M. Miller. No defense was interposed that Etta M. Miller was the owner of the judgment by assignment. C. R. Miller and his attorneys knew of the assignment, but disregarded it, and tried the petition as if C. R. Miller were the real party in interest. Miller appealed from the ruling of the court, without any intimation that he was not still the owner of the judgment.

It is contended by appellant that appellees knew, or should have known, of the assignment, because the assignment was in writing, was filed in the office of the clerk of the court, and was spread on the records of the court and a minute of the assignment made on the appearance docket; and that the instrument of assignment was with the files in the case. As before stated, the evidence established that neither appellees nor their attorneys knew of the existence of the assignment or the record of the assignment, or of the minute on the docket stating "assignment of claim." Appellees had no knowledge or notice of the assignment of the judgment to appellant, unless the filing and recording of the assignment constituted notice. So the question, as we

view it, narrows down to this: Did the filing and recording of the assignment of the judgment impart constructive notice to appellees that appellant, Etta M. Miller, had become the owner of the judgment, and thereby oblige them to serve notice upon her and make her a party in the proceedings to set aside the judgment and grant a new trial?

Appellant takes the position that, as assignee of the judgment, she took all the steps required of her to give notice of the assignment, by filing the assignment and having the same recorded in the court record.

The position of appellees is that the filing and recording of the assignment did not become constructive notice, but that, in order to bind them, it was incumbent upon appellant, the assignee of the judgment, to allege and prove that appellees had actual notice of the assignment. So far as we are informed, the question here presented has not been before us in any decision by our court, and no case is cited by counsel. Courts of other jurisdictions have handled the question, and have passed upon it very clearly. It is the general rule that it is only in cases where the statutes of a state provide for the recording of a paper that the record thereof becomes constructive. Some of the cases holding to that effect are *Steiner v. Scholze,* 114 Ala. 88 (21 So. 428); *Johnson & Co. v. Boice & Frellsen,* 40 La. 273; *Chicago City R. Co. v. Blanchard,* 37 Ill. App. 391; *Henry v. Brothers,* 48 Pa. St. 70; *Miller v. B. & O. R. Co.,* 60 Ohio 374.

Counsel for appellant plausibly argue that, had the assignment been of a mortgage, the filing and recording in the recorder's office would have been notice to the world of the rights of the assignee; and by analogy urge that appellant, by filing and recording the assignment in the office of the clerk of the court, gave equivalent notice. We have statutory provisions as to filing and recording assignments of mortgages; but there is no statute in this state pertaining to the assignment of a judgment.

2. CONSTITUTIONAL LAW: due process: cancellation of judgment without notice to assignee.

There are no equities with appellant. We find no want of due process. The judgment of the court below is affirmed.— *Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.