MARIE LUNDY, plaintiff, v. LEE O'CONNOR, also known as LEO O'CONNOR, defendant-appellee, and W. A. DUTTON, attorney, appellant.

No. 48759.

(Reported in 71 N.W.2d 589)

JULY 27, 1955.

W. A. Dutton, of Sioux City, appellant, pro se.

Raymond S. Hill, of Sioux City, for appellee.

THOMPSON, J.—On July 21, 1952, the plaintiff herein secured a judgment against the defendant-appellee in the sum of $729, with interest and costs. The appellant, W. A. Dutton, was her attorney in this action. While the written judgment entry is labeled "Decree", the action is noted as "No. 69003 Law", and there were no equitable issues. It was clearly a law action asking only a money judgment for damages for an unlawful assault and battery.

On August 5, 1952, defendant's wages were garnished under a writ of execution upon the judgment above described. Thereupon the defendant gave a note to the appellant, which is herewith set out:

"Aug. 6th, 1952

"For Value Received, we promise to pay to W. A. Dutton, Assignee, at 813 Frances Bldg. in Sioux City, Woodbury County, Iowa, Seven hundred twenty nine dollars plus costs. $25.00 today and in payments of $15.00 on the sixth and 21st day of each month hereafter until $729.00 has been paid with interest

at 6 per cent per annum, in payment of an account as it appears

"On the books of District Court Woodbury County, Ia. Case No. 69003. Upon default in payment the entire note shall become due and we agree to pay attorney's fees as fixed by law. As security to this agreement we transfer to the Assignee our wages, commissions, or other moneys earned, and we authorize and direct each of our employers to pay ten per cent of our wages, commissions or other moneys on each pay day, and we agree that the receipt of said Assignee shall stand herein as our receipt and release said employer. As further security we pledge and convey the following property to said Assignee:

"Leo O'Connor."

The defendant failed almost entirely to comply with the terms of the note, and several further garnishments were levied against his wages. The total amount recovered to apply on the judgment was approximately $75. As these moneys were received by the appellant, one half thereof was remitted to the plaintiff. The record shows an oral agreement between plaintiff and appellant that the latter should receive one half the amount collected upon the judgment in payment for his services.

On December 16, 1954, the appellant made this entry on Judgment Docket 57, at page 46 (this being apparently the docket and page at which plaintiff's judgment against defendant was recorded in the office of the clerk of the Woodbury District Court): "notice of fifty per cent ownership in the within judgment by virtue of oral assignment is hereby given this 16th day of December, 1954, W. A. Dutton, Atty., H. H. Houtz, Deputy, Witness."

No further notice of this entry was given defendant, and another garnishment by virtue of another writ of execution on the above judgment was levied against his wages on December 17, 1954.

On December 20, 1954, there was filed a written release and satisfaction of the judgment, executed by the plaintiff. Thereupon the defendant filed his motion to dismiss the outstanding garnishment, on the grounds that defendant's wages were exempt to him as the head of a family, and that the judgment upon

which the execution issued was satisfied. Appellant filed a resistance, and upon hearing the court granted the motion upon the ground that the judgment was satisfied and no proper notice of a claim for attorney's lien had been given to defendant. No ruling was made upon defendant's claim of exemption as the head of a family, and in the view we take of the case it need not be considered.

I. We are first confronted with a question of appellate procedure. Appellant says the questions on appeal are these: Did the appellant have an attorney's lien for services of which the appellee had notice; did the attorney's entry on the judgment docket constitute notice of a lien; if the appellant had an attorney's lien, could the appellee make settlement with the plaintiff judgment holder in derogation of the lien?

No errors are assigned, although the original suit and the motion and resistance thereon were clearly ordinary proceedings; that is, actions or proceedings at law. Rule 344(a)(3), Iowa Rules of Civil Procedure, requires a statement of errors relied on for reversal when the appeal presents questions of law; and the same rule, 344(a)(4)(Third), provides that errors not stated or argued shall be deemed waived. When the case is triable de novo the rule provides that propositions relied on shall be stated. The latter is the procedure erroneously adopted by the appellant. He states three propositions: Appellant had a lien for services rendered to plaintiff, "and defendant-appellee had knowledge of the appellant's interest in the judgment"; the appellant's entry on the judgment docket met the requirements of section 610.18, Code of Iowa, 1954; and the satisfaction of judgment after the execution of the note and after the entry on the judgment docket could not defeat appellant's lien for services as plaintiff's attorney.

It is evident these propositions do not meet the requirements of assigned errors. They are not so labeled, and they do not point out the specific errors of the trial court upon which reliance for reversal is based. However, since the point is not raised by the appellee and the issues are not complicated, we have decided, as a matter of grace rather than of right, to determine the case upon its merits.

II. It will be noted that appellant bases his claim to a right of reversal solely upon his asserted lien. Every proposition stated and each of the questions on appeal refers only to his alleged lien and knowledge thereof, either actual or constructive, of the defendant. We must agree with the trial court that the alleged notice of an interest in the judgment through oral assignment did not comply with the provisions of section 610.18, paragraph 4, Code of Iowa, 1954. This paragraph provides that after judgment in a court of record, notice of a claimed attorney's lien may be given and the lien made effective against the judgment debtor, by entering the same in the judgment docket opposite the entry of the judgment. But the appellant did not use appropriate language to give notice of a claimed lien. What he said by the writing he placed on the docket was that he was the owner of a one-half interest in the judgment by oral assignment. By statute, an attorney claiming a lien may give notice by a proper entry on the judgment docket; but there is no such statute permitting the owner of an assigned interest in the judgment to give such notice.

In Miller v. Greenfield Savings Bank, 199 Iowa 1039, 203 N.W. 236, similar procedure had been followed by one to whom a judgment had been assigned. We said, page 1043 of 199 Iowa, page 238 of 203 N.W.: "It is the general rule that it is only in cases where the statutes of a state provide for the recording of a paper that the record thereof becomes constructive."

The notation on the judgment docket made by the appellant here did not purport to give notice of or to claim an attorney's lien, and it was not effective to give notice of an ownership interest.

III. But appellant says in argument that the appellee had actual notice of his interest in the judgment because of the promissory note, which referred to the judgment and was payable to appellant as "assignee." Whether this actually gave appellee notice that appellant had some interest in the judgment it is not necessary to determine. It will be noted that the judgment stood at all times in the name of the plaintiff, and the executions were issued in her name. Appellant gave receipts for payments made by defendant "for application on Marie Lundy

judgment." In fact, neither appellant's resistance to the motion to quash nor his testimony shows any claim of a direct interest in the judgment itself, but only that he had a fifty per cent share in any sums recovered upon it. The promissory note in question was clearly nothing more than a collection device.

It is true we have held, by a divided court and with a somewhat persuasive dissent, that the attorney's lien granted by statute operates as an assignment of sufficient of the judgment to satisfy the lien. Grimes Savings Bank v. McHarg, 217 Iowa 636, 641, 642, 251 N.W. 51, 53, 54. But it does not follow that if these liens are assignments, all assignments are liens. The old saying that although all horse thieves are members of the human race not all humans are horse thieves illustrates the point.

We have also held that the attorney's lien is for services rendered and not for the share of the recovery provided for by contract with his client. Kauffman v. Phillips, 154 Iowa 542, 547, 134 N.W. 575, 577; Gibson v. Chicago, M. & St. P. Ry. Co., 122 Iowa 565, 568, 98 N.W. 474, 475. But these matters have no application to the present case. The appellant has planted himself squarely upon his claim of an attorney's lien, of which he says the defendant had actual or constructive notice. He does not contend, so far as his stated "questions on appeal" and "propositions relied on" are concerned, that he was an owner of a part of the judgment so that it could not be released or satisfied in full without his consent. This might or might not present a different case upon the facts shown here. We are satisfied that there was neither constructive nor actual notice to appellee of any claim by appellant of an attorney's lien upon the sums to be recovered under the judgment or upon the judgment itself.

IV. The trial court made no determination of the liability of the defendant on the note given to appellant as assignee, above referred to; nor do we. Neither do we determine any liability or claimed liability of the plaintiff to appellant because of her release of the judgment in derogation of any possible rights he may have had therein.—Affirmed.

All JUSTICES concur.