**TRI CITY EQUIPMENT CO., Appellee,**

v.

**MODERN REAL ESTATE INVESTMENTS, LTD. d/b/a Red Stallion; Ron Farkas; and Robert D. Clark, Appellants.**

No. 89–1389.

Supreme Court of Iowa.

Sept. 19, 1990.

Rehearing Denied Oct. 18, 1990.

Steven T. Hunter of Stanley, Rehling & Lande, P.C., Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

This case involves competing claims to funds deposited with an attorney by a client for payment of future attorney's fees. The attorney claims priority in the funds through his attorney's lien under Iowa Code section 602.10116 (1987). The client's judgment creditor, on the other hand, claimed priority through its judgment and succeeding levy. The district court ruled for the judgment creditor, and we affirm.

On July 28, 1988, Tri City Equipment Co. obtained a judgment against Ron Farkas and several other defendants for $17,928.30 plus interest and court costs. On February 3, 1989, Farkas gave $5000 to his attorney, David P. Poula, to be retained in Poula's trust account pursuant to a fee contract pertaining to matters unrelated to the Tri City case.

On January 29, 1989, Tri City levied on its judgment against Farkas and garnished the funds being held by attorney Poula. Poula, who unsuccessfully resisted the judgment creditor's claim of priority, appealed to this court, claiming priority under Iowa Code section 602.10116 and the Uniform Commercial Code, article 9.

I. *The Attorney's Lien.*

Iowa Code section 602.10116 provides in relevant part that

[a]n attorney has a lien for a general balance of compensation upon:

1. Any papers belonging to a client which have come into the attorney's hands in the course of professional employment.

2. Money in the attorney's hands belonging to a client.

3. Money due a client in the hands of the adverse party, or attorney of such party....

David P. Poula, Iowa City, for appellants.

In this case, the district court ruled that the attorney's lien provided by this section did not apply to fees yet unearned by the attorney.

Poula argues that a more practical interpretation of this statute would be to allow the total balance due to an attorney to be protected by the lien to the extent that the attorney's contractual obligation to perform all legal services contemplates further services on his part. He argues that a contrary interpretation of the statute would allow any garnishing creditor to seize money in the hands of an attorney.

There are two general types of attorney's liens: (1) the general or retaining lien, and (2) the special or charging lien. 7A C.J.S. *Attorney & Client* § 357, at 707 (1980). The general or retaining lien operates on any property, including client's documents, money, or other property, in the attorney's hands that belong to a client until such client pays the attorney for fees due. 7A C.J.S. *Attorney & Client* § 358, at 711 (1980). A special or charging lien, on the other hand, is the equitable right of an attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery in such suit. This lien is based on equitable considerations, and it differs from ordinary liens in that possession is not essential to the charging lien. 7A C.J.S. *Attorney & Client* § 359, at 713 (1980). Iowa Code section 602.10116 provides for both types of lien. The general or retaining lien, which requires that the claimant have possession of the property, is found in subsections 1 and 2. Subsection 3, pertaining to property in the hands of third parties, is not involved here.

The attorney in this case claims priority as to most of the $5000 because, in addition to the services which he had rendered prior to the time the levy was made by Tri City, he expended additional services prior to the time of the hearing which virtually exhausted the $5000. We think, however, that the extent of the attorney's lien is not fixed as of the time of the hearing but as of the time the question of priority arose. That is the time that Tri City attempted to levy on the funds in the hands of the attorney.

Under the general rule and the Iowa cases, a retaining lien is available only to secure the attorney's fees and charges which are due for services already rendered. *See Lundy v. O'Connor*, 246 Iowa 1231, 1236, 71 N.W.2d 589, 592 (1955); *Kauffman v. Phillips*, 154 Iowa 542, 547, 134 N.W. 575, 577 (1912); *Gibson v. Chicago, Mil. & St. P. Ry.*, 122 Iowa 565, 568, 98 N.W. 474, 475 (1904).

In addition, under our Code of Professional Responsibility, an attorney must "[p]romptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive." DR 9–102(B)(4).

Under these authorities, Poula did not have a statutory attorney's lien for services not yet rendered, even though he was still "employed" with the understanding that such services would be rendered in the future. Even if a lawyer establishes a contract of employment with a client, the client is free to discharge the attorney with, of course, possible liability for breach of contract. *See Crosby & Fordyce v. Hatch*, 155 Iowa 312, 316, 135 N.W. 1079, 1081 (1912). In such a case, the issue is simply one of contract liability; it does not involve lien priority because, as noted above, there is no lien for unfurnished legal services.

We agree with the district court that Poula's lien did not attach for services to be rendered after the levy on the judgment was made.

## II. *The Uniform Commercial Code Argument.*

Poula and his client claim that Poula is entitled to a possessory lien under the Uniform Commercial Code. However, we believe that Iowa Code section 554.9104(c) (1987) specifically answers that argument. It provides:

This Article does not apply

. . . .

*c.* to a lien given by statute or other rule of law for services or materials except as provided in section 554.9310 [which is inapplicable here] on priority of such liens. . . .

The comment to this section in the Iowa Code Annotated states:

3. In all jurisdictions liens are given suppliers of many types of services and materials either by statute or by common law. It was thought to be both inappropriate and unnecessary for this Article to attempt a general codification of that lien structure which is in considerable part determined by local conditions and which is far removed from ordinary commercial financing. Paragraph (c) therefore excludes such liens from the Article. Section 9–310 states a rule for determining priorities between such liens and the consensual security interests covered by this Article.

We believe the court properly rejected both the attorney's lien argument and the argument under the Uniform Commercial Code. Accordingly, we affirm.

AFFIRMED.