Randy L. **FEAKER** and Denise R. Feaker, Plaintiffs–Appellees,

v.

Gregory C. **BULICEK,** Defendant–Appellant,

and

Al Capone, Inc., an Iowa Corporation, and John T. Saathoff, Custodian for Charles Joseph Bulicek, a Minor, Defendants.

No. 94–0983.

Court of Appeals of Iowa.

July 25, 1995.

Richard D. Raymon, Cedar Rapids, for appellant.

Gregory J. Epping of Terpstra, Terpstra & Epping, Cedar Rapids, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HUITINK, JJ.

HUITINK, Judge.

This matter began when Randy and Denise Feaker (Feakers) sued Gregory Bulicek

(Bulicek) for recision of a business contract. Bulicek counterclaimed against Feakers, alleging fraudulent misrepresentation regarding the business contract. Feakers' claim against Bulicek for recision was in equity and tried to the court. Bulicek's counterclaim against Feakers was at law and tried by a jury.

The jury awarded Bulicek actual damages of $51,200 and punitive damages of $30,000. However, the trial court found in favor of Feakers on his recision claim and ordered the contract between the two parties rescinded. On posttrial motion, the trial court struck the jury's award of punitive damages to Bulicek. Bulicek's judgment against Feakers was $51,200, plus interest and costs. Feakers' judgment against Bulicek was $24,063.20, plus interest and costs. The court ordered Bulicek's judgment be offset against Feakers'. After offset, the net judgment in favor of Bulicek against Feakers was $30,582.93, plus interest.

Bulicek appealed and Feakers cross-appealed the trial court's verdicts and rulings. Feakers posted an appeal bond to stay enforcement of the judgment in favor of Bulicek. Ultimately, this court affirmed the jury verdict and court order in all respects. *Feaker v. Bulicek*, No. 3–260/92–1307, 526 N.W.2d 581 (Iowa App. Jan. 25, 1994).

In a subsequent mortgage foreclosure action, Feakers obtained an in personam judgment against Bulicek. On issuance of a general execution of the judgment in favor of Feakers, and pursuant to Iowa Code section 626.22 (1993), the Linn County Sheriff levied on the judgment. Levy was perfected by service of notice of levy upon the Clerk of the Linn County Court and notation in the docket book on May 10, 1993. Bulicek was served with notice of levy on June 2, 1993.

On July 9, 1993, Bulicek's attorney, Richard D. Raymon (Raymon), filed a notice of attorney's lien which was entered on the docket book. Bulicek claimed the attorney's lien was a superior lien and related back to the date of commencement of services.

On April 5, 1994, pursuant to Iowa Rule of Civil Procedure 256, Feakers filed a motion to discharge and satisfy judgment and release bond. Bulicek resisted the motion. The parties agreed the judgment in favor of Bulicek against Feakers had a net amount of $30,582.93, with interest. Raymon claimed that judgment bears an attorney's lien in the amount of $28,323.49, plus interest.

There was a hearing on the motion to discharge and satisfy judgment and release bond. The trial court sustained Feakers' motion. The trial court held that the attorney's lien is not a superior lien to the right of a creditor seeking to set off a judgment. The trial court ordered the judgment in favor of Bulicek against Feaker satisfied, released, and discharged in full. It is this order which Bulicek now appeals.

Although the facts of this case are unusual and somewhat convoluted, a fairly straightforward issue is presented to us on appeal. The issue is whether an attorney's lien is entitled to priority over the satisfaction of set-off judgments.

■ Attorney's liens in Iowa are a matter of statute. *Tri City Equip. Co. v. Modern Real Estate Inv., Ltd.*, 460 N.W.2d 464, 466 (Iowa 1990). Under the Iowa statute, there are two types of attorney's liens: (1) the retaining lien, and (2) the charging lien. *Tri City Equip.*, 460 N.W.2d at 466. The retaining lien operates on any property, including the client's documents, money, or other property in the attorney's hands that belong to a client until such client pays the attorney for fees due. *Id.* at 466 (citation omitted). A charging lien, on the other hand, is the equitable right of an attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery in such a suit. *Id.* The charging lien differs from the retaining lien in that possession of property is not required. *Id.*

Both parties agree we are dealing with a charging lien in the instant case. A plain reading of the Iowa statute demonstrates there are two methods of creating the attorney's charging lien. The first method is by "giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for

what services." Iowa Code § 602.10116(3). The other method is "by entering the same in the judgment or combination docket, opposite the entry of the judgment." Iowa Code § 602.10116(4). Under a plain reading of the statute, after either of these things is done, the lien is perfected.

■ Applying the statute to the facts of the instant case, Feakers levy on Bulicek's judgment on May 10, 1993, preceded Raymon's perfection of his attorney's lien on July 9, 1993. Consequently, Feakers has a superior claim.

■ Bulicek argues that an attorney's charging lien relates back to and is effective from the time the attorney commences services. However, he cites no Iowa case law allowing such "relation back." We have made a careful search of Iowa precedent and can find no attorney's lien cases allowing "relation back." Perhaps more importantly, the plain language of the Iowa statute seems to indicate "relation back" is not permitted. This is also the view of at least one commentator. Note, *Nature of the Attorney's Lien in Iowa,* 26 Iowa L.Rev. 840, 848 (1941) (Under the Iowa statute, "the attorney's lien is subject to any right of set-off which the adverse party may have had before the lien was perfected.").

After careful consideration of the relevant statute and case law, we must affirm the trial court's decision. Raymon's lien is not superior to Feakers' right of set-off.

We affirm the trial court's order in all respects. Costs on appeal to be taxed to Bulicek.

**AFFIRMED.**