**IN THE COURT OF APPEALS OF IOWA**

No. 13-0855
Filed March 26, 2014

MISTY S. DAVIS, as Mother and Next Friend of
BRADY CLIFFORD,
     Plaintiff-Appellee,

**vs.**

NICOLE BANLEY,
     Defendant-Appellee,

and

ROBERT B. DECK,
     Intervenor-Appellant.
_____

     Appeal from the Iowa District Court for Woodbury County, Edward A.

Jacobson, Judge.

     Robert Deck challenges the district court's order concerning distribution of

assets.  **AFFIRMED.**

     Robert B. Deck, Sioux City, appellant pro se.

     Mark C. Cord III of Berenstein, Moore, Heffernan, Moeller & Johnson,

L.L.P., Sioux City, for appellee Banley.

     Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Robert Deck challenges the district court's order concerning distribution of assets. Because we agree with the district court that Deck has no perfected attorney lien on the proceeds of Attorney Mark Cord III's trust account, we affirm.

### I. Background Facts and Proceedings.

Brady Clifford and Nicole Banley are the two surviving children of decedent Bradley Clifford. Bradley died intestate; no estate was opened. Robert B. Deck represented Misty Davis as mother and next friend of Brady Clifford in an action filed May 13, 2011, against Banley requesting compensation for "illegally withholding property from him." Trial was scheduled to begin on February 15, 2012.

On December 1, 2011, Deck was allowed to withdraw as Davis's counsel.

On December 12, 2011, Deck filed a petition of intervention, asserting Davis owed him $2306.36 for services provided for "representation in this matter." He sought a "foreclosure of his lien on the funds and property" which are the subject of this action. The district court granted Deck's motion to intervene on February 8, 2012.

Also on February 8, 2012, Banley, represented by Mark Cord III, filed a pretrial brief in which she noted, "The value of the entire estate is estimated to be under $25,000.00 and qualifies for distribution by Affidavit under Iowa Code § 633.356 [(2011)]." She stated,

> The Defendant is seeking the equitable split of assets by Affidavit Agreement pursuant to Iowa Code § 633.356, the shared allocation of the funeral expenses, and the protection of assets to be used for the benefit of Brady Clifford. In the alternative, Defendant requests that the Court order the opening of a probate

estate and the appointment of an estate administrator to resolve the priority of claims, including funeral expenses, and the payment of estate costs pursuant to Iowa Code §§ 633.425 and .426. Ms. Banley had no malice or ill intent regarding the property in question and is only seeking to protect the property for fair and equitable distribution of the property, subject to the sharing of funeral and estate expenses.

On February 15, 2012, a hearing was held during which the court noted,

[T]he parties have both signed an affidavit of distribution wherein the proceeds of a certain workers' compensation claim wherein Rich Willia was the attorney representing the decedent will be deposited in Mr. Cord's trust account, as will the proceeds of a small bank account which the decedent had a the time of his death. Those are the two major assets, and most of that will be taken to pay the existing funeral bill which has not been paid.

The court noted other personal property, which the court ordered sold at a community auction, with the proceeds to be placed in "the trust account" for payment of expenses. A car was later ordered sold for salvage (August 13, 2012)—again, the proceeds were to be placed in Cord's trust account.

The case was subject to dismissal on January 1, 2013, pursuant to Iowa Rule of Civil Procedure 1.944 (try or dismiss). On December 21, 2012, Intervenor Deck filed an application for continuance in which he noted, "[T]his matter was set for trial on February 15, 2012, and at that time the Judge issued instructions for how this matter should be resolved. That resolution process has not been completed and it would be unfair to the parties to dismiss this case at this time." The district court granted the continuance.

On February 1, 2013, Attorney Cord filed a "Combined Application to Make Distribution of Assets and to Close," which provides in part:

1. The Court appointed Mark Cord, Esq. to marshal the assets of Bradley Clifford, deceased, to make payment of his known debts, and to make final distributions, if any, to his two

known surviving heirs, a minor son, Bradley Clifford, and an adult daughter, Nicole Banley.

2. The sum of $2,308.59 was received by the undersigned from First National Bank to close out decedent's bank account.

3. The sum of $11,966.82 was received by the undersigned from the Worker's Compensation carrier as final payment of worker's compensation benefits.

4. On May 2, 2012, this Court Ordered that attorney N. Richard Willia be paid an attorney fee of $3,988.94, and be reimbursed expenses in the amount of $304.00 for the collection of worker's compensation benefits owed Decedent.

5. There is now a remaining balance of $9,982.45 in the undersigned's trust account which is insufficient to pay all known debts and expenses in this matter. . . .

. . . .

10. The undersigned believes that any further time and effort will be a waste of current resources available for payment of debts and costs and that the available funds be made available for distribution to pay debts and costs.

11. No distributions of property to beneficiaries have been made to date.

12. Although a formal probate proceeding has not been initiated by the Court, the undersigned recommends to the Court that the priority of distribution be that as set forth in the Section 633.425 of the Iowa Code which provides as follows:

> In any estate in which the assets are, or appear to be, insufficient to pay in full all debts and charges of the estate, the Personal Representative shall classify the debts and charges as follows:
> i. Court costs.
> ii. Other costs of administration.
> iii. Reasonable funeral and burial expenses.
> iv. All debts and taxes having preference under the laws of the United States.

. . . .

13. That there are insufficient assets to pay the remaining known costs and claims, and pursuant to Iowa Code Sections 633.425 and 633.426 . . . .

Attorney Cord noted the debt owed by Brady to Intervenor Deck in the amount of $2306.36. Cord asked that the court authorize him to pay the court costs, administration expenses, and funeral and burial expenses, and "any

remaining funds available, if any, now or in the future, shall be paid to Robert Deck, Esq. and then Mark Cord, Esq."

Deck filed a resistance on February 25, 2013, requesting "his fees be paid as a first lien on the money held in the Applicant's trust account and that the remainder of money, after it has all been collected, be dispersed according to law."

On April 15, 2013, a hearing was held. On May 23, 2013, the district court issued an order of distribution of assets, in which the court rejected Deck's claim of a "perfected attorney's lien" on the proceeds in the trust account. The court stated, "[T]he court fails to see where this lien attached," explaining:

> It was Mr. Willia who was responsible for collecting the bulk of the money in the account and Mr. Willia is the person who would have had a lien on that amount. Mr. Willia's fee has been paid. The balance of what is in the account was the money in the decedent's account at the time of his death, and certainly there is no basis for any lien on that amount.
> Ms. Banley was in possession of certain amounts of personal property that was to have been sold, but there is no indication that it ever was, in fact, sold or that any money was ever collected as a result.
> The court finds that there is no perfected attorney lien in the proceeds of this trust account that would place Mr. Deck's claim ahead of court costs, costs of administration, funeral and burial costs.
> The court further finds that the assets of the decedent held in trust are insufficient to pay the debts and charges and claims allowed in this matter. The court approves the classification provided in the motion; that being the distribution shall go first to court costs, second to costs of administration, third to cemetery and burial costs, fourth to Mr. Deck and Mr. Cord.

Deck now appeals.

**II. Scope and Standard of Review.**

While this action may have been initiated otherwise; the case proceeded as one for the distribution of the remaining assets of Bradley Clifford, who died intestate.[1] "The probate court of Iowa is not a separate and distinct court with powers and jurisdiction strictly its own. It is a part of the district court which has general, original, and exclusive jurisdiction of all actions, proceedings and remedies, including complete and exclusive administration of testate and intestate estates." *In re Ferris's Estate*, 14 N.W.2d 889, 897 (Iowa 1944); *see* Iowa Code §§ 602.6101, 633.10, .11. With a few exceptions not pertinent here, we review probate matters de novo. Iowa Code § 633.33.

**III. Discussion.**

Before this action was scheduled for trial, Banley asked the district court for an equitable split of the assets of Bradley Clifford and payment of funeral expenses. Deck claims a right to attorney fees from Brady Clifford's portion of Bradley Clifford's estate. He argues he has a perfected attorney's fee lien by virtue of Iowa Code section 602.10116.

Under the Iowa statute, there are two types of attorney's liens: (1) the retaining lien,[2] and (2) the charging lien. *Feaker v. Bulicek*, 538 N.W.2d 662, 663 (Iowa Ct. App. 1995). A charging lien "is the equitable right of an attorney to

---

[1] Deck contends "the money being held in the trust account of [Banley's] attorney belongs equally to Brady and Nicole because they are the successors of the Decedent [Bradley Clifford] pursuant to § 633.356(2)(b). In the next sentence, Deck contends this is not a probate action. We note section 633.356 is a provision in the probate code, which provides for an alternative distribution of property by affidavit. Banley's pretrial brief first raised the statutory provision.

[2] The retaining lien "operates on any property, including the client's documents, money, or other property, in the attorney's hands that belong to a client until such client pays the attorney for fees due." *Feaker*, 538 N.W.2d at 663. Deck held no property belonging to Brody.

have fees and costs due him for services in a particular suit secured by the judgment or recovery in such a suit." *Id.* Such a lien is provided for in Iowa Code section 602.10116:

> An attorney has a lien for a general balance of compensation upon . . . (3) Money due a client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services.

The district court did not err in concluding Deck was not entitled to a charging lien. Deck contends he has a lien on the "money due a client" in the hands of the adverse party's attorney. In *In re Will of Lamm*, 109 N.W.2d 708, 712 (Iowa 1961), the supreme court stated,

> The money in the hands of the adverse party is such as shall be found to be due in the action or proceeding. In other words, an attorney cannot have a lien upon any greater amount than shall actually be found to be owing by the opposite party to his client. . . . The spirit and meaning of the law is, that the attorney may have a lien upon the amount which is ultimately found to be due his client.

There was no "[m]oney due a client in the hands of the adverse party, or attorney of such party" at the time Deck filed his petition to intervene—the parties were attempting to gather the assets of Bradley Clifford's estate. At the time the action was initially set for trial the parties acknowledged the two major assets of Clifford's estate were the proceeds from a bank account and from a workers' compensation claim and those moneys were ordered placed in Cord's trust

account following the February 2012 hearing.[3]  At the time the court filed its order of distribution, there was still no money due either heir.

The successors of the decedent came to an agreement as to the distribution of the decedent's assets, which the court acknowledged in the February 2012 hearing.  *See Gustafson v. Fogleman*, 551 N.W.2d 312, 314 (Iowa 1996) ("We have established in our jurisprudence that family settlement agreements are favored in law.").  During the hearing at which the court announced the parties' agreement, the court expressed doubt that there would be any funds remaining for distribution to the decedent's heirs.[4]  And at the time of the order of distribution, the district court noted the assets of the decedent held in trust were insufficient to pay the debts and charges and claims allowed in this matter.  Nothing in this record allows us to conclude there is any money due Brady Clifford in the hands of Banley or her attorney to which an attorney's lien would attach.  We affirm the district court's order of distribution.

**AFFIRMED.**

---

[3] Deck's motion to continue this matter beyond the 1.944 dismissal date notes the "resolution process has not been completed," from which we can infer there was no money yet available.

[4] Deck provides us with no authority that the assets of Bradley Clifford's estate were not subject to the payment of funeral expenses.  *See* Iowa Code § 633.356(3)(g) ("To collect money, receive tangible personal property, or have evidences of intangible personal property transferred under this chapter, the successor of the decedent shall furnish to the holder of the decedent's property an affidavit under penalty of perjury stating all of the following . . . [including] (7) That no persons other than those listed in the affidavit have a right to the interest of the decedent in the described property.").  Whether by virtue of the heirs' agreement or by virtue of Iowa Code sections 633.425 (providing for priority of claims against an estate with insufficient assets), Deck's claim against Brady Clifford's portion of the estate fails because Brady Clifford was due nothing.